UNITED STATES DISTRICT COURT

DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>PAUL YOUNES, LINDA YOUNES, and<br>MARGARITA YOUNES-HOLZ,<br><br>    Defendants. | CIVIL ACTION NO. 26-310 |

**PETITION OF THE UNITED STATES OF AMERICA FOR
SUMMARY ENFORCEMENT OF CIVIL INVESTIGATIVE DEMANDS
25-689, 25-690, AND 25-691**

Pursuant to the False Claims Act (FCA), 31 U.S.C. § 3733(j), the United States respectfully petitions this Court for an Order directing Paul Younes, Linda Younes, and Margarita Younes-Holz ("Younes Witnesses") to comply with the Department of Justice administrative subpoenas, Civil Investigative Demands ("CIDs") 25-689, 25-690, and 25-691, which seek oral testimony from each witness.  The United States issued CIDs 25-689, 25-690 and 25-691 on July 7, 2025, but the Younes Witnesses have refused to sit for sworn testimony without a valid basis for their refusal to comply with the CIDs.

In support of its Petition to enforce CIDs 25-689, 25-690, and 25-691, the United States sets forth the following:

1

**Jurisdiction and Venue**

1. This Court has jurisdiction over this proceeding under 31 U.S.C. § 3733(j) and 28 U.S.C. § 1331.

2. Venue is proper under 31 U.S.C. § 3733(j).

**Parties**

3. Petitioner is the United States. The United States, acting through the Small Business Association ("SBA"), administered the Paycheck Protection Program ("PPP"), which was established by the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") in March 2020. Pub. L. 116-136, §1, March 27, 2020, as amended. Section 1102 of the CARES Act authorized the PPP, which provided for loans backed by the SBA to help businesses keep its workforce employed during the COVID-19 crisis.

4. Respondent Paul Younes is the founder of a hospitality network of several hotels and conference centers in Kearney, Hastings, and Grand Island, Nebraska ("Younes Businesses"), and the Younes Hospitality interrogatory responses state that he is the President and oversees all operations of all properties.

5. The Younes Businesses obtained over $4.6 million in PPP loans during COVID-19, and sought forgiveness for those loans, which the United States provided.

6. Respondent Linda Younes is the wife of Mr. Younes, and the Younes Hospitality interrogatory responses state that she is the President and she oversees all properties.

7. Respondent Margarita Younes-Holz is the daughter of Paul and Linda Younes, and the Younes Hospitality interrogatory responses stated that she was the Vice President of Younes Hospitality, Inc and she oversees all Younes properties.

8. The Younes Witnesses were responsible for determining whether the Younes Businesses were eligible for PPP loans, whether they would apply for PPP loans, and for completing and submitting the PPP and forgiveness applications at issue.

### Issuance and Service of CIDs 25-689, 25-690, and 25-691

9. The FCA is the United States' primary litigation tool to combat fraud against the federal government. Pursuant to the FCA, the Department of Justice "diligently shall investigate" potential FCA violations. 31 U.S.C. § 3730(a).

10. The FCA authorizes the Department of Justice to issue administrative subpoenas known as civil investigative demands to "any person" the United States "has reason to believe … may be in possession, custody, or control of any documentary material or information relevant to a false claims law investigation." 31 U.S.C. § 3733(a)(1).

11. On July 7, 2025, Jamie Ann Yavelberg, Director, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, issued CIDs 25-689, 25-690, and 25-691, to the Younes Witnesses. Director Yavelberg is a designee of the Attorney General under 31 U.S.C. § 3733(a)(1). *See* 28 C.F.R. Part 0, Subpt. Y App. (Declaration of Shereece Dendy-Sanders, ("Dendy-Sanders Decl."), at ¶ 8).

12. On July 8, 2025, the United States sent CIDs 25-689, 25-690, and 25-691 to the Younes Witnesses via certified mail and to counsel for the Younes Witnesses via email. (Dendy-Sanders Decl., at ¶ 9).

13. CIDs 25-689, 25-690, and 25-691 directed the Younes Witnesses to provide sworn testimony regarding the Younes Businesses' PPP applications and their eligibility for PPP loans and forgiveness. (Dendy-Sanders Decl., ¶¶ 10-11, Exhibits A, B, and C).

14. The United States has reason to believe that the Younes Witnesses have knowledge of information relevant to the United States' FCA investigation.

15. The testimony sought by CIDs 25-689, 25-690, and 25-691 is reasonably relevant to the United States' investigation under the FCA, and the CIDs are not unreasonably broad or burdensome.

**Younes Witnesses' Initial Refusals to Comply with CIDs 25-689, 25-690, and 25-691**

16. To date, the Younes Witnesses have failed to comply with CIDs 25-689, 25-690, and 25-691.

17. Upon sending the CIDs to counsel, the United States sent a proposed schedule for the Younes Witnesses' testimony to counsel. (Dendy-Sanders Decl., at ¶ 12).

18. On July 22, 2025, counsel demanded pre-suit discovery and asserted that, without "full and complete discovery" from the United States, the Younes Witnesses would invoke their 5th Amendment Right against Self-Incrimination. Counsel requested that the United States accept counsel's blanket assertion of 5th Amendment protection over email. (Dendy-Sanders Decl., at ¶ 13).

19. The United States declined counsel's request to accept a blanket email assertion of the 5th Amendment Right and instead agreed to a testimony schedule in which Linda Younes and Paul Younes planned to invoke their 5th Amendment Rights on September 4, 2025, reserving September 5, 2025 if the United States was unable to finish Paul Younes' testimony on September 4, 2025. The United States agreed to schedule Margarita Younes-Holz's testimony at a later mutually agreed upon date. (Dendy-Sanders Decl., at ¶ 14).

4

20. On September 2, 2025, two days before the scheduled testimony of Linda Younes and Paul Younes, counsel asserted an advice of counsel defense in writing, waived the attorney client privilege, and offered to postpone the scheduled testimony. (Dendy-Sanders Decl., at ¶ 16).

21. The United States agreed to postpone Paul and Linda Younes' testimony and began the process of gathering evidence to assess the advice of counsel defense. (Dendy-Sanders Decl., at ¶ 19).

22. On October 27, 2025, Director Yavelberg issued CIDs 25-942 and 25-943 for oral testimony to the two lawyers that the Younes Witnesses and Businesses purportedly consulted, Luke Simpson and Paul Forney.  (Dendy-Sanders Decl., at ¶ 21).

23. The CIDs to Mr. Simpson and Mr. Forney are not at issue here because Mr. Simpson testified pursuant to CID 25-942 on November 20, 2025, and Mr. Forney has agreed to testify pursuant to CID 25-943 as a result of the meet and confer discussions for this Petition.  (Dendy-Sanders Decl., at ¶ 21).

### Younes Witnesses' Failure to Comply with CIDs 25-689, 25-690, and 25-691

24. On November 3, 2025, the United States agreed to schedule the testimony of the Younes Witnesses for December 22, 2025 and December 23, 2025. (Dendy-Sanders Decl., at ¶ 22).

25. On November 13, 2025, the United States agreed to schedule the testimony of Paul Forney for December 19, 2025.   (Dendy-Sanders Decl., at ¶ 22).

26. On November 20, 2025, Luke Simpson testified pursuant to CID 25-942.  (Dendy-Sanders Decl., at ¶ 23).

27. On November 21, 2025, the United States emailed counsel to confirm the schedule for the upcoming testimony dates.  (Dendy-Sanders Decl., at ¶ 24).

28. On November 26, 2025, counsel sent a letter requesting that the United States close its FCA investigation because his clients asserted an advice of counsel defense. (Dendy-Sanders Decl., at ¶ 25).

29. During a December 5, 2025 call, the United States declined to close its investigation and advised counsel that the Government has a good faith basis for continuing its investigation. (Dendy-Sanders Decl., at ¶ 26).

30. In a December 8, 2025 letter, the Younes Witnesses refused to sit for the scheduled testimony unless the United States provided its view on Mr. Simpson's credibility and whether his testimony supported an advice of counsel defense. (Dendy-Sanders Decl., at ¶ 27).

31. On December 11, 2025, the United States set the deadline of December 19, 2025 to provide testimony dates for the Younes Witnesses and Mr. Forney. (Dendy-Sanders Decl., at ¶ 28).

32. On December 19, 2025, counsel sent a letter revising Interrogatory Response 6 pursuant to CID 24-123, which had previously been submitted on April 5, 2024, to include new factual assertions about the Younes Businesses' advice of counsel defense. (Dendy-Sanders Decl., at ¶ 29).

33. Counsel did not provide new dates for testimony. (Dendy-Sanders Decl., at ¶ 29).

34. On June 2, 2026, the United States emailed counsel to request a date for an additional meet and confer regarding the United States seeking judicial intervention to enforce CIDs 25-689, 25-690, 25-691, and 25-943. The United States set a deadline of June 9, 2026 for counsel to provide dates for a meet and confer. Counsel did not respond by June 9, 2026. (Dendy-Sanders Decl., at ¶ 30).

35. On June 12, 2026 (three business days after the deadline), counsel responded that he would be available to meet and confer on June 24 or 25, 2026. On June 15, 2026, the United States

responded that, in light of the prior meet and confer history between the parties, the two-week delay was unreasonable and offered to meet and confer on June 15, 16, or 17. (Dendy-Sanders Decl., at ¶ 31).

36. On June 15, 2026, counsel responded with a lengthy email, asserting that the United States had no good faith basis for seeking the testimony and refusing to meet until June 25. On June 16 and 17, 2026, the United States and counsel exchanged additional substantive emails that established the parties' disagreement and the Younes Witnesses' noncompliance such that judicial enforcement was necessary. The United States asked the Younes Witnesses to inform the United States by June 22, 2026 as to whether they would comply with the CIDs. (Dendy-Sanders Decl., at ¶ 32).

37. On June 22, 2026, counsel emailed to request an additional meet and confer meeting over the phone or video, but raised the same objections that the United States had previously addressed. On June 23, 2026, the United States called counsel and left a voicemail. Counsel did not return the call, but on June 24, 2026, counsel emailed to request a call for the afternoon of June 24, and the United States agreed. (Dendy-Sanders Decl., at ¶ 33).

38. In the call, counsel informed the United States that Mr. Forney would testify pursuant to CID 25-943.[1] But the Younes Witnesses refused to comply with the CIDs. (Dendy-Sanders Decl., at ¶¶ 34-35).

39. On June 25, 2026, the United States stated that it was willing to travel to Kearney in person to conduct the testimony called for by the CIDs, but counsel rejected that offer. (Dendy-Sanders Decl. at ¶¶ 36-37).

---

[1] The parties are currently coordinating with counsel to schedule Mr. Forney's testimony.

40. As of the date of this Petition, the Younes Witnesses have not complied with CIDs 25-689, 25-690, and 25-691.

WHEREFORE, the United States respectfully requests as follows:

1.  That this Court enter an Order to Show Cause directing Younes Witnesses to show cause as to why they should not be compelled to comply with CIDs 25-689, 25-690, and 25-691; and

2.  That this Court enter an Order directing Younes Witnesses to comply with CIDs 25-689, 25-690, and 25-691 by sitting for testimony, within thirty days or such other deadline set by the Court.

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

LESLEY A. WOODS
United States Attorney
District of Nebraska


/s Shereece Dendy-Sanders
SHEREECE DENDY-SANDERS, #24638
Assistant United States Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102
Telephone Number: (402) 661-3700
Fax Number: (402) 661-3081
Email: shereece.dendy-sanders@usdoj.gov


Jamie A. Yavelberg
Patrick M. Klein
Margaret Paige Ammons (DC Bar #1001493)
Attorneys,
Civil Division, U.S. Department of Justice
P.O. Box 261
Washington, DC 20044
202-436-6818
Paige.Ammons@usdoj.gov

8