UNITED STATES DISTRICT COURT

DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

               Plaintiff,

vs.

PAUL YOUNES, LINDA YOUNES, and
MARGARITA YOUNES-HOLZ,

               Defendants.

CIVIL ACTION NO. 26-310

**MEMORANDUM IN SUPPORT OF THE UNITED STATES OF AMERICA'S
PETITION FOR SUMMARY ENFORCEMENT
<u>OF CIVIL INVESTIGATIVE DEMANDS 25-689, 25-690, AND 25-691</u>**

The United States of America seeks to enforce the provision of the False Claims Act

("FCA"), 31 U.S.C. § 3729 *et seq.*, that authorizes the United States to obtain oral testimony

"relevant to a false claims law investigation." *Id.* § 3733(a)(1). The United States may obtain such

testimony where, as here, it has reason to believe the Civil Investigative Demand ("CID") recipient

has information relevant to the United States' FCA investigation. *Id.*

The United States is investigating whether Younes Hospitality Inc., related entities

("Younes Businesses"), and any relevant individuals fraudulently obtained Paycheck Protection

Program ("PPP") loans and forgiveness even though the Younes Businesses were not eligible for

such relief due to their owner's probationary status at the time the applications were submitted. It

1

is critical, therefore, for the United States to obtain testimony from the three individuals responsible for determining eligibility and deciding to apply for PPP loans and forgiveness: Mr. Paul Younes, Mrs. Linda Younes, and Ms. Margarita Younes-Holz ("the Younes Witnesses"). The United States petitions this Court to order the Younes Witnesses to give oral testimony pursuant to the United States' CIDs because, to date, the Younes Witnesses have refused to do so.

## BACKGROUND

Paul Younes is the founder and President of a hospitality network of several hotels and conference centers in Kearney, Hastings, and Grand Island, Nebraska ("Younes Businesses"). The Younes Businesses obtained over $4.6 million in PPP loans during the COVID-19 pandemic, and sought and obtained forgiveness for those loans from the United States. Linda Younes and Margarita Younes-Holz are the wife and daughter of Mr. Younes, respectively, and the Younes Witnesses were responsible for determining the eligibility of the Younes Businesses for PPP, certifying the Younes Businesses' eligibility, and applying for the PPP loan and forgiveness applications at issue.

### A. Issuance and Service of CIDs 25-689, 25-690, and 25-691

Pursuant to CIDs issued as part of this investigation, but not at issue in this Petition, the Younes Businesses produced to the United States documents and interrogatory responses related to their PPP loans. From January 2025 to June 2025, the United States requested voluntary interviews of the Younes Witnesses to gather information about the Younes Businesses' decision to apply and knowledge regarding eligibility. When the United States was denied those interviews, on July 7, 2025, the United States issued CIDs 25-689, 25-690, and 25-691 for oral testimony pursuant to the FCA. (Declaration of Shereece Dendy-Sanders, Esq. ("Dendy-Sanders Decl."), at ¶ 8). The United States served CIDs 25-689, 25-690 and 25-691 on the Younes Witnesses via

certified mail and on counsel for the Younes Witnesses via email. (Dendy-Sanders Decl., at ¶ 9). CIDs 25-689, 25-690, and 25-691 directed the Younes Witnesses to provide sworn testimony regarding the Younes Businesses' PPP applications and their eligibility for PPP loans and forgiveness. (Dendy-Sanders Decl., at ¶¶ 10-11, Exhibits A, B, and C).

**B.      Younes Witnesses' Initial Refusals to Comply with CIDs 25-689, 25-690, and 25-691**

To date, the Younes Witnesses have failed to comply with CIDs 25-689, 25-690, and 25-691.  Since the United States issued the CIDs in July 2025, the Younes Witnesses have raised a number of reasons for refusing to comply: first, they requested discovery before testifying; then, they asserted their 5th Amendment Right against Self-Incrimination and asked the United States to accept their counsel's blanket assertion of the protection over email; and finally, the Younes Businesses asserted an advice of counsel defense, which they now maintain absolves the Younes Witnesses from complying with CIDs 25-689, 25-690, and 25-691.  (Dendy-Sanders Decl., at ¶¶ 8, 13, 14, and 25).

**C.  Advice of Counsel Defense and Waiver of Privilege**

After the Younes Businesses asserted an advice of counsel defense and waived the attorney-client privilege over the purported legal advice, the United States began gathering evidence to assess the validity of the defense.  The purported legal advice was oral. (Dendy-Sanders Decl., at ¶ 17). The United States is not aware of any documentary evidence that reflects the request for legal advice or the advice, so it must rely on the recollections of witnesses to the purported oral conversations.  On October 27, 2025, the United States issued CIDs for testimony to the two attorneys, Luke Simpson, Esq. and Paul Forney, Esq., that the Younes Businesses and the Younes Witnesses purportedly consulted regarding their PPP eligibility. (Dendy-Sanders Decl., at ¶ 21).

**D. Younes Witnesses' Failure to Comply with CIDs 25-689, 25-690, and 25-691**

In early November 2025, the United States and counsel agreed to a schedule for testimony from the Younes Witnesses and Mr. Forney in late December 2025. (Dendy-Sanders Decl., at ¶ 22).

After Mr. Simpson testified, counsel requested that the United States close its FCA investigation because his clients established their advice of counsel defense and the United States no longer had a good faith basis for continuing its investigation. (Dendy-Sanders Decl., at ¶ 25). The United States declined to close its investigation, informed counsel that it was still evaluating the validity of the advice of counsel defense, and still needed to examine the Younes Witnesses and Mr. Forney under oath. (Dendy-Sanders Decl., at ¶¶ 26, 28). Counsel demanded the United States' views on Mr. Simpson's testimony and details about the United States' evaluation of the advice of counsel defense. (Dendy-Sanders Decl., at ¶¶ 26-27). The United States declined to share its analysis and set a deadline for counsel to provide new testimony dates for the Younes Witnesses and Mr. Forney. (Dendy-Sanders Decl., at ¶ 28). Counsel did not provide new testimony dates by the deadline. (Dendy-Sanders Decl., at ¶ 29). Instead, on the day of the deadline, counsel sent a revised Interrogatory Response pursuant to a previously-issued CID, which included new factual assertions about the Younes Businesses' advice of counsel defense. (Dendy-Sanders Decl., at ¶ 29).

On June 2, 2026, the United States sought to schedule a final meet and confer regarding judicial enforcement of the CIDs to the Younes Witnesses and Mr. Forney, and gave counsel a week to respond. Counsel did not respond within the specified deadline and when counsel did ultimately respond, sought to delay the meet and confer another two weeks. (Dendy-Sanders Decl., at ¶¶ 30-31). Even though the United States told counsel that a two-week delay was unreasonable,

4

the United States and counsel exchanged multiple substantive emails that resulted in a meet and confer telephone call on counsel's preferred timeline. In that call, counsel informed the United States that Mr. Forney agreed to testify, but that the Younes Witnesses refused to comply with the CIDs. The United States offered to travel to the Younes Witnesses' hometown of Kearney, Nebraska for the testimony, but the Younes Witnesses refused. (Dendy-Sanders Decl., at ¶¶ 32-37).

## ARGUMENT

### I. The Standard for CID Enforcement Under the FCA

The FCA "is the government's primary litigation tool for recovering losses sustained as a result of fraud." *United States ex rel. Sheldon v. Allergan Sales, LLC*, 170 F.4th 227, 232 (4th Cir. 2026) (citing *Avco Corp. v. U.S. Dep't of Justice*, 884 F.2d 621, 622 (D.C. Cir. 1989)). The FCA allows the United States to collect statutory damages and civil penalties from a person who, *inter alia*, knowingly submits, or causes to be submitted, a false or fraudulent claim for payment to the government. 31 U.S.C. § 3729(a)(1). A person acts "knowingly" under the Act not only when he or she has "actual knowledge of the information," but also when he or she acts "in deliberate ignorance" or "reckless disregard" of the truth or falsity of the information. *Id.* § 3729(b). No proof of specific intent to defraud is required. *Id.*

The FCA expressly provides for the use of CIDs to obtain documents and testimony to assist the United States in investigating possible FCA violations. 31 U.S.C. § 3733. A CID may be issued to "any person" "[w]henever the Attorney General, or a designee …, has reason to believe that [the] person may be in possession, custody, or control of any documentary material or information relevant to a false claims law investigation …." 31 U.S.C. § 3733(a)(1). The FCA empowers the Department of Justice (DOJ) to issue such CID "before commencing a civil

proceeding under [FCA] section 3730(a) or other false claims law, or making an election under [FCA] section 3730(b)." *Id.* With this statutory authority, Congress sought to enable DOJ "to determine whether enough evidence exist[s] to warrant the expense of filing [a civil] suit, as well as to prevent the potential Defendant from being dragged into court unnecessarily." *United States v. Witmer*, 835 F. Supp. 208, 211 (M.D. Pa. 1993) (quoting H.R. Rep. 660, 99th Cong., 2d Sess. 26 (1986)).

The FCA also expressly allows for the enforcement of a CID by a federal district court whenever any person fails to comply with the requirements set forth in a CID. 31 U.S.C. § 3733(j). A CID is a type of administrative subpoena, and the standard for enforcing an administrative subpoena applies to a petition to enforce a CID. *See United States v. Markwood*, 48 F.3d 969, 976 (6th Cir. 1995). The United States' "authority to request records and undertake other investigatory functions is extremely broad," *Santa Fe Energy Prods. Co. v. McCutcheon*, 90 F.3d 409, 414 (10th Cir. 1996) (citing *United States v. Morton Salt Co.*, 338 U.S. 632, 642-43 (1950)), and "a district court's role in enforcing administrative subpoenas is 'sharply limited.'" *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 113 (4th Cir. 1997) (quoting *EEOC v. City of Norfolk Police Dep't*, 45 F.3d 80, 82 (4th Cir. 1995)); *see also FTC v. Texaco, Inc.*, 555 F.2d 862, 871-72 (D.C. Cir. 1977), *cert. denied*, 431 U.S. 974 (1977) (scope of judicial review on request for enforcement of administrative subpoena is "strictly limited").

Enforcement of an administrative subpoena, such as a CID, is proper if: "(1) issued pursuant to lawful authority, (2) for a lawful purpose, (3) requesting information relevant to the lawful purpose, and (4) the information sought is not unreasonable." *U.S. v. Whispering Oaks Residential Care Facility, LLC*, 673 F.3d 813, 817 (8th Cir., 2012) (quoting *Fresenius Med. Care v. United States*, 526 F.3d 372, 375 (8th Cir. 2008)). "Once an agency has satisfied these

requirements, the burden shifts to the respondent to show that judicial enforcement would amount to an abuse of the court's process." *Su v. Arps*, 2023 WL 4002740, at *2 (D. Neb. May 26, 2023) (citing *Whispering Oaks*, 673 F.3d at 817) (internal quotations omitted).

## II.    Enforcement of CIDs 25-689, 25-690, and 25-691 Is Appropriate

### A.  DOJ Issued CIDs 25-689, 25-690, and 25-691 Within Its FCA Authority

The FCA provides civil remedies to the Government against "all fraudulent attempts to cause the Government to pay out sums of money." *United States v. Neifert-White Co.*, 390 U.S. 228, 233 (1968).  Here, the United States seeks to ascertain whether the Younes Businesses were eligible for the PPP loans at issue, and whether the Younes Businesses and/or any relevant individuals had sufficient scienter when submitting the PPP applications at issue or causing the applications to be submitted to establish violations of the FCA.  In addition, the United States seeks to evaluate the advice of counsel defense raised by the Younes Businesses and the Younes Witnesses.  The FCA expressly authorizes DOJ to issue CIDs to investigate potential FCA violations.  31 U.S.C. § 3733(a)(1).  A designee of the Attorney General properly issued CIDs 25-689, 25-690, and 25-691 during an FCA investigation, and the CIDs comply with all requirements of CIDs.  In accordance with the requirements found in the CID provisions of the FCA, CIDs 25-689, 25-690, and 25-691 sufficiently prescribe a date, time, and place for the Younes Witnesses' oral testimony.  In fact, the United States has agreed to accommodate the Younes Witnesses by traveling to the Younes Witnesses' hometown of Kearney, Nebraska to take the testimony.  The CIDs clearly identify, in accordance with the CID provisions of the FCA, that the Younes Witnesses have "the right to be accompanied by an attorney and any other personal representative at the oral examination."  The CIDs "describe the general purpose for which the demand is being issued and the general nature of the testimony, including the primary areas of inquiry," which are

appropriately limited to the current and past ownership and operations of the Younes Businesses, Mr. Younes' guilty plea and probationary status, the Younes Businesses' applications for PPP loans and related process, and the eligibility of the Younes Businesses for PPP loans and forgiveness. The CIDs comply with all requirements of CIDs for oral testimony.

In addition, the investigation by DOJ regarding alleged fraud or false claims in connection with the PPP loans and forgiveness is squarely within DOJ's statutory authority. *See, e.g.*, 31 U.S.C. § 3730. In this regard, the FCA expressly allows the DOJ to issue CIDs to investigate potential violations of the FCA. 31 U.S.C. § 3733(a)(1). If Younes Hospitality, Inc., the related businesses, and/or any individuals made false claims to SBA or caused them to be submitted regarding the PPP loans sought, those claims may constitute violations of the FCA. *See* 31 U.S.C. § 3729(a)(1). Accordingly, this investigation is within the authority of the DOJ, and the CIDs are issued pursuant to a lawful authority for a lawful purpose.

### B. CIDs 25-689, 25-690, and 25-691 Seek Information Reasonably Relevant to the United States' FCA Investigation

For purposes of an administrative subpoena, relevancy is understood to be broad. "If the material requested 'touches a matter under investigation,' then relevancy is established." *Martin v. Gard*, 811 F.Supp. 616, 621 (D. Kan. 1993) (quoting *Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 882 (5th Cir. 1989)). An agency "can investigate merely on the suspicion that the law is being violated, or even just because it wants assurance that it is not." *Missouri Baptist Medical Center v. U.S. Dept. of Justice*, 2023 WL 315021, *4 (E.D. Mo., Jan. 19, 2023) (quoting *EEOC v. Elrod*, 674 F.2d 601, 613 (7th Cir. 1982)). "The Government has a relatively light burden in proving the relevance of the CIDs to the ongoing investigation." *Finnell v. U.S. Dept. of Justice*, 535 F.Supp. 410, 412 (D. Kan. 1982) (comparing relevance for an antitrust CID to demonstrating relevance in a grand jury context in *In re Rabbinical Seminary, etc.*, 450

F.Supp. 1078, 1084 (S.D.N.Y. 1978), which was "satisfied by a showing that the material may have some possible connection to the subject matter."). Moreover, "the relevancy requirement for an administrative subpoena is not a question of evidentiary relevancy." *Walsh v. Medina, Inc.*, 621 F.Supp.3d 951, 959 (D. Minn. 2022) (citing *Whispering Oaks*, 673 F.3d at 818).

Here, the United States is investigating whether the Younes Businesses' PPP loans and forgiveness were obtained fraudulently, and if so, the scope of potential FCA liability for any individuals or entities. The investigation involves determining the scope of any falsity in connection with the applications and evaluating the scienter of potentially liable defendants. The Younes Witnesses were the key witnesses responsible for deciding whether to apply for PPP loans, determining whether the Younes Businesses were eligible, gathering the necessary support for the applications, signing the certifications on the applications, and submitting applications. Their testimony is necessary to determine the scope of any FCA liability for themselves or any other potential defendant.

In addition, on the eve of Mrs. and Mr. Younes' originally-scheduled CID testimony, the Younes Businesses and the Younes Witnesses raised an advice of counsel defense, and then on December 19, 2025, they asserted facts about the advice of counsel defense in a supplemental interrogatory response. The purported advice was oral, and the United States is not aware of any documentary evidence that reflects the advice. The primary – if not the only – evidence of the purported advice is the testimony of the individuals that were present at the time it was rendered, including the Younes Witnesses, Mr. Forney, and Mr. Simpson. Mr. Simpson has already testified and Mr. Forney has recently agreed to testify, but the United States must have the opportunity to examine all the witnesses to the purported advice, in order to compare recollections and assess the impact of what was said. However, because of the Younes Witnesses' noncompliance, the United

States has been blocked from receiving the remaining evidence of the purported advice, which is necessary to evaluate the validity of the advice of counsel defense.

The United States has attempted to resolve this dispute without seeking court intervention, but has not been able to do so. The Younes Witnesses have not raised a single valid basis for failing to comply with the CIDs. Their argument is that they raised an advice of counsel defense, and citing no authority, they claim that merely raising the potential defense compels the United States to terminate its investigation without gathering any further information. But, this argument misunderstands "the differences between the Government issuing a CID to investigate a potential FCA violation and the Government asserting a claim under the FCA, the scope of the Court's inquiry at each stage and the proper stage at which to assert various arguments." *Taggart v. United States Department of Justice*, 2017 WL 319062, *5 (E.D. Pa. Jan. 20, 2017). Relying on Supreme Court precedent in *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, the *Taggart* court explained that, at the subpoena enforcement stage, the district court's role is limited to determining whether the evidence sought by the subpoena was "plainly incompetent or irrelevant to any lawful purpose" of the agency, and that the district court should not condition CID enforcement on adjudicating the merits of potential "affirmative defenses to a future complaint that might be filed after an investigation." *Id.* at *5; *see also Donovan v. Shaw*, 668 F.2d 985, 989 (8th Cir. 1982) (defense that federal statute did not cover the party being investigated "cannot be resolved" at the subpoena enforcement stage "before the agency has had an opportunity to examine the relevant records").

Here, the Younes Witnesses are "*not* entitled to litigate" the Younes Businesses' advice of counsel defense at the subpoena enforcement stage because the defense raises factual questions that are "relevant *only* to whether the Government will actually be able to show that a violation of the FCA occurred, *not* to its authority to gather information." *Id.* at *6 (emphasis added). The

United States is in the investigation stage and is still gathering information to determine whether FCA violations occurred and assess the advice of counsel defense. The United States has yet to examine the three key witnesses with first-hand knowledge of the purported advice, and accordingly, it needs more facts in order to form any conclusions regarding FCA liability. Thus, it is premature to adjudicate a defense that the United States is still evaluating, and the mere invocation of the defense at this stage cannot be used to block the United States' on-going investigation. *Id.* at *5 (citing cases that found it "inappropriate" for the district court "to interfere with an administrative investigation by exploring substantive defenses to a later adversarial proceeding.").

### C. The Information Sought by CIDs 25-689, 25-690, and 25-691 is Not Unreasonable

For the same reasons, the information sought by CIDs 25-689, 25-690, and 25-691 is not unreasonable. The Eighth Circuit stated, "The showing of reasonable cause required to support an application for enforcement of a subpoena duces tecum 'is satisfied … by the court's determination that the investigation is authorized by Congress, is for a purpose Congress can order, and the documents sought are relevant to the inquiry." *Donovan v. Shaw*, 668 F.2d 985, 989 (8th Cir. 1982) (citations omitted). The CIDs were issued to the key decision-makers and individuals responsible for submitting the PPP applications at issue, and the testimony topics enumerated in the CIDs are limited to the Younes Witnesses' knowledge of discrete issues: their businesses' ownership and operations, their PPP applications, and their PPP eligibility. This is information that is readily available to the Younes Witnesses. It is not unreasonable for the United States to expect the three individuals responsible for obtaining over $4.6 million in loans and forgiveness from the United States to provide testimony regarding the applications and eligibility for those funds. In addition, the United States has accommodated the Younes Witnesses' concerns about traveling and costs by

offering to travel to the Younes Witnesses' hometown of Kearney, Nebraska for the testimony. Therefore, the information sought by the CIDs is not unreasonable.

### III.    Summary Enforcement of CIDs 25-689, 25-690, and 25-691 is Appropriate

The United States served the Younes Witnesses with CIDs 25-689, 25-690, and 25-691 nearly a year ago, and they have refused to provide oral testimony.  The Younes Witnesses' position is not grounded in any legal authority.  Their refusal to comply with the CIDs undermines the United States' "legitimate right" to ascertain whether the actions of the companies were "consistent with the law."  *Morton Salt*, 338 U.S. at 652.  The United States has an "important governmental interest in the expeditious investigation of possible unlawful activity," *Markwood*, 48 F.3d at 979, and the Younes Witnesses are not entitled to frustrate the United States' lawful investigation.

Pursuant to the FCA, the Younes Witnesses have refused to provide testimony pursuant to CIDs 25-689, 25-690, and 25-691.  31 U.S.C. § 3733(j)(1).  Therefore, summary enforcement of CIDs 25-689, 25-690, and 25-691 is appropriate.

### CONCLUSION

For the above reasons, the United States respectfully requests that the Court grant its petition and order the Younes Witnesses to show cause as to why they should not be compelled to comply with CIDs 25-689, 25-690, and 25-691, and order the Younes Witnesses to comply with CIDs 25-689, 25-690, and 25-691 by providing oral testimony in the manner prescribed by the CIDs within thirty days or such other deadline as set by the Court.

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

12

LESLEY A. WOODS
United States Attorney
District of Nebraska


/s Shereece Dendy-Sanders
SHEREECE DENDY-SANDERS, #24638
Assistant United States Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102
Telephone Number: (402) 661-3700
Fax Number: (402) 661-3081
Email: Shereece.dendy-sanders@usdoj.gov


Jamie A. Yavelberg
Patrick M. Klein
Margaret Paige Ammons (DC Bar #1001493)
Attorneys,
Civil Division, U.S. Department of Justice
P.O. Box 261
Washington, DC 20044
(202) 436-6818
Paige.Ammons@usdoj.gov

## CERTIFICATES OF COMPLIANCE

Pursuant to NECivR 7.1(d)(4), I hereby certify this memorandum complies with the requirements of NECivR 7.1(d)(1). Relying on the word-count function of Microsoft Word for Office 365 MSO, this document contains 3,789 words. The word-count function was applied to all text, including the caption, headings, footnotes, and quotations.

s/ Shereece Dendy-Sanders
Assistant United States Attorney