UNITED STATES DISTRICT COURT

DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

                    Plaintiff,

   vs.

PAUL YOUNES, LINDA YOUNES, and
MARGARITA YOUNES-HOLZ,

                    Defendants.

CIVIL ACTION NO. 26-310

**DECLARATION OF SHEREECE DENDY-SANDERS**

Plaintiff The United States of America submits the following Declaration in support of its Petition for Summary Enforcement of Civil Investigative Demands 25-689, 25-690, and 25-691 (the "Petition").

1. I am an Assistant United States Attorney with the U.S. Attorney's Office for the District of Nebraska. In that capacity, I am assigned to the False Claims Act ("FCA") investigation regarding Paycheck Protection Program ("PPP") loans and forgiveness obtained by Younes Hospitality, Inc. and related businesses (the "Younes Businesses") that resulted in the issuance of CIDs 25-689, 25-690, and 25-691.

2. In 2024, Paul Younes, Linda Younes, and Younes Hospitality, Inc. produced information in response to previously-issued CIDs 24-121, 24-122, and 24-123.  CIDs 24-121, 24-122, and 24-123 are not at issue in the Petition.

3. In January 2025, the United States made a presentation to Paul Younes and Linda Younes, and their counsel at the time, Paul Forney, regarding preliminary investigative observations and potential FCA liability.  At that time, the United States requested voluntary interviews of the three individuals involved in submitting the PPP applications at issue: Paul Younes, Linda Younes, and Margarita Younes-Holz (the "Younes Witnesses").

4. On February 19, 2025, March 5, 2025, and April 11, 2025, the United States reiterated its requests for voluntary interviews of the Younes Witnesses.

5. Counsel did not agree to or reject the United States' requests for voluntary interviews, but never provided an answer or dates for such interviews.

6. In June 2025, Paul Younes, Linda Younes, and the Younes Businesses replaced Paul Forney with new counsel, Michael Duffy of Fraser Stryker.  At that time, the United States reiterated with new counsel the requests for voluntary interviews of the Younes Witnesses.

7. Counsel requested that the United States provide discovery of its investigative files before the Younes Witnesses would agree to voluntary interviews.

8. On July 7, 2025, Jamie Ann Yavelberg, Director, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, issued CIDs 25-689, 25-690, and 25-691 to Paul Younes, Linda Younes, and Margarita Younes-Holz (the "Younes Witnesses").  Copies of CIDs 25-689, 25-690, and 25-691 are attached to this Declaration as Exhibits A, B, and C.

9. On July 8, 2025, the United States sent CIDs 25-689, 25-690, and 25-691 to the Younes Witnesses via certified mail and to counsel for the Younes Witnesses via email.  A copy of

the United States' July 8, 2025 email to counsel is attached as Exhibit D; verified returns of service are included at Exhibits A-1, B-1, and C-1.

10. The testimony topics listed in Mr. Younes' CID are: "the current and past ownership and operations of the Younes Entities, your guilty plea and probationary status, the Younes Entities' applications for PPP loans and related process, and the eligibility of the Younes Entities for PPP loans and forgiveness." *See* Exhibit A.

11. The testimony topics listed in Mrs. Younes and Mrs. Younes-Holz's CIDs are: "the current and past ownership and operations of the Younes Entities, Mr. Paul Younes' guilty plea and probationary status, the Younes Entities' applications for PPP loans and related process, and the eligibility of the Younes Entities for PPP loans and forgiveness." *See* Exhibits B and C.

12. The United States offered to present to new counsel the same presentation that it had given to prior counsel and sent a proposed schedule for the Younes Witnesses' testimony. See Exhibit D.

13. On July 22, 2025, counsel declined the United States' offer to see the prior presentation while simultaneously demanding pre-suit discovery. With respect to the CIDs for testimony, counsel asserted that the Younes Witnesses would invoke their 5th Amendment Right against Self-Incrimination. Counsel requested that the United States accept counsel's blanket assertion of 5th Amendment protection over email, stating that the United States' refusal to do so was unreasonable because the United States was not providing the Younes Witnesses with pre-suit discovery. A copy of the Younes Businesses' July 22, 2025 email is attached as Exhibit E.

14. The United States declined counsel's request to accept a blanket email assertion of the 5th Amendment Right and instead agreed to a testimony schedule in which Linda Younes and Paul Younes planned to invoke their 5th Amendment Rights on September 4, 2025, reserving September 5, 2025 if the United States was unable to finish Paul Younes' testimony on September 4, 2025. The United States agreed to schedule Margarita Younes-Holz's testimony at a later mutually agreed upon date. A copy of the United States' August 15, 2025 email is attached as Exhibit F.

15. In an August 21, 2025 call regarding production deficiencies from the prior CIDs for documents, the United States raised the lack of a privilege log. Counsel indicated he would consider whether to produce a privilege log, and he would consider whether an advice of counsel defense existed.

16. On September 2, 2025, two days before the scheduled testimony of Linda Younes and Paul Younes, counsel asserted an advice of counsel defense in writing, waived the attorney client privilege, and offered to postpone the scheduled testimony.

17. Counsel asserted that the Younes Businesses received oral advice from two attorneys – Luke Simpson and Paul Forney – at the time of the PPP applications and stated that the Younes Businesses waived their attorney client privilege regarding that advice.

18. The waiver includes any advice Paul Forney provided at the time the Younes Businesses submitted the PPP applications, but does not include any advice Paul Forney provided in the course of the United States' FCA investigation.

19. The United States agreed to postpone Paul and Linda Younes' testimony and began the process of gathering evidence to assess the advice of counsel defense. A copy of the United

States and Younes Businesses' September 2-3, 2025 emails regarding the advice of counsel defense and waiver of the attorney client privilege are attached as Exhibit G.

20. On September 16, 2025, counsel raised the possibility that the Younes Witnesses' testimony might be converted to voluntary interviews after the United States evaluated the advice of counsel defense. The United States did not commit to changing the format of the testimony but said that it could revisit the issue after the testimony from the attorneys. A copy of the United States and Younes Businesses' September 17, 2025 emails regarding waiver of the attorney client privilege are attached as Exhibit H.

21. On October 27, 2025, Director Yavelberg issued CID 25-942 to Luke Simpson and CID 25-943 to Paul Forney. The CIDs to Mr. Simpson and Mr. Forney are not at issue here because Mr. Simpson testified pursuant to CID 24-942 on November 20, 2025, and Mr. Forney has agreed to testify pursuant to CID 24-943 as a result of the meet and confer discussions for this Petition, as described in further detail below.

22. On November 3, 2025, the United States agreed to schedule the testimony of the Younes Witnesses for December 22 and December 23, 2025. On November 13, 2025, the United States agreed to schedule the testimony of Mr. Forney for December 19, 2025. Copies of the scheduling emails are attached as Exhibits K and L.

23. On November 20, 2025, Mr. Simpson testified pursuant to CID 25-942.

24. On November 21, 2025, the United States emailed counsel to confirm the schedule for the upcoming testimony dates and stated that the format would be testimony under oath, rather than voluntary interviews as counsel had previously requested. A copy of the United States' November 21, 2025 email is attached as Exhibit M.

25. On November 26, 2026, counsel sent a letter requesting that the United States close its FCA investigation because his clients asserted an advice of counsel defense and the United States no longer had a good faith basis for continuing its investigation. A copy of the Younes Businesses' November 26, 2026 letter is attached as Exhibit N.

26. As requested in the letter, the United States agreed to meet with counsel on December 5, 2025. In the call, counsel demanded the United States' views about Mr. Simpson's testimony and the validity of the advice of counsel defense. The United States declined to engage in analysis of Mr. Simpson's testimony, and instead, simply stated that the Government has a good faith basis for continuing its investigation and is not ignoring any evidence raised in the investigation. A copy of the United States' December 2, 2025 correspondence is attached as Exhibit V.

27. On December 8, 2025, counsel sent a letter again demanding the United States' views on Mr. Simpson's testimony, refusing for the Younes Witnesses to sit for testimony unless the United States provided its analysis, and proposing limited voluntary interviews of the Younes Witnesses instead of the testimony required by the CIDs. A copy of the December 8, 2025 letter is attached as Exhibit O.

28. On December 11, 2025, the United States responded in writing that the United States "must adequately evaluate" the newly-raised advice of counsel defense and "cannot simply accept the defense at face-value or based on a single witness's testimony." The United States reiterated that it had a good faith basis for continuing its investigation. In the letter, the United States set the deadline of December 19, 2025 to provide testimony dates for the Younes Witnesses and Mr. Forney. A copy of the United States' December 11, 2025 letter is attached as Exhibit P.

29. On December 19, 2025, counsel sent a letter revising Interrogatory Response 6 pursuant to CID 24-123, which had previously been submitted on April 5, 2024, to include new factual assertions about the Younes Businesses' advice of counsel defense. Counsel did not provide new dates for testimony.

30. On June 2, 2026, the United States emailed counsel to request a date for an additional meet and confer regarding the United States seeking judicial intervention to enforce CIDs 25-689, 25-690, 25-691, and 25-943. The United States set a deadline of June 9, 2026 for counsel to provide dates for a meet and confer. Counsel did not respond by June 9, 2026.

31. On June 12, 2026 (three business days after the deadline), counsel responded that he would be available to meet and confer on June 24 or 25, 2026. On June 15, 2026, the United States responded that, in light of the prior meet and confer history between the parties, the two week delay was unreasonable and offered to meet and confer on June 15, 16, or 17. A copy of the June 2-15, 2026 correspondence is attached as Exhibit Q.

32. On June 15, 2026, counsel responded with a lengthy email, asserting that the United States had no good faith basis for seeking the testimony and refusing to meet until June 25. On June 16 and 17, the United States and counsel exchanged additional substantive emails that established the parties' disagreement and the Younes Witnesses' noncompliance such that judicial enforcement was necessary. The United States asked the Younes Witnesses to inform the United States by June 22, 2026 as to whether they would comply with the CIDs. A copy of the June 15-17, 2026 correspondence is attached as Exhibit R.

33. On June 22, 2026, counsel emailed to request an additional meet and confer meeting over the phone or video, but raised the same objections that the United States had previously addressed. On June 23, 2026, the United States called counsel and left a voicemail.

Counsel did not return the call, but on June 24, 2026, counsel emailed to request a call for the afternoon of June 24, and the United States agreed.

34. In the call, counsel informed the United States that Mr. Forney would testify pursuant to CID 24-943.  The parties are currently coordinating with counsel to schedule Mr. Forney's testimony.

35. Regarding the Younes Witnesses, the United States repeated its explanations that the Younes Witnesses' testimony was relevant to its investigation and that the advice of counsel defense was not a defense to enforcement of the CID. The Younes Witnesses refused to comply with the CIDs.  A copy of the June 22-24, 2026 correspondence is attached as Exhibit S.

36. On June 25, 2026, the United States stated that it was willing to travel to Kearney, Nebraska in person to conduct the testimony called for by the CIDs.  The United States requested a response by Monday, June 29 about whether the Younes Witnesses would sit for testimony in Kearney.  A copy of the June 25, 2026 correspondence from the United States is attached as Exhibit T.

37. On June 29, 2026, counsel raised the same objections and informed the United States that the Younes Witnesses would not agree to provide oral testimony in Kearney, Nebraska pursuant to CIDs 25-689, 25-690, and 25-691.  A copy of the June 29, 2026 correspondence from the Younes Witnesses is attached as Exhibit U.

I declare under penalty of perjury that the foregoing is true and correct.  28 U.S.C. § 1746.

Respectfully submitted,

LESLEY A. WOODS
United States Attorney

District of Nebraska

_____

SHEREECE DENDY-SANDERS, #24638
Assistant United States Attorney