**From:** Dendy-Sanders, Shereece (USANE)
**To:** Duffy, Michael; Ammons, Paige P (CIV)
**Cc:** Paul Forney
**Subject:** RE: Younes Hospitality - Dept of Justice Investigation
**Date:** Friday, August 15, 2025 11:41:19 AM
**Attachments:** 2025 08 14 Letter to Michael Duffy v.3.pdf

Mr. Duffy,

Please see attached letter regarding your clients' prior productions in response to CIDs 24-121, 24-122, and 24-123. We can meet to discuss on Thursday, August 21. We will send an invite for 10 am CST / 11 am EST.

Regarding your clients' testimony, we can unequivocally state that, if your clients assert their Fifth Amendment rights during the testimony, we – meaning the United States Attorney's Office for the District of Nebraska and the Department of Justice, Civil Division, Civil Frauds Section – intend to listen to the assertion and we will not attempt to force them to answer substantively while they are sitting for the testimony. We reserve all rights related to the Fifth Amendment assertion after the testimony is concluded, including to challenge the validity of the assertion at any point after the testimony is concluded. Our reminder that our investigation is civil was in response to your questions about immunity. We reiterate that we are conducting our investigation in compliance with all of our applicable obligations.

One hour of testimony per witness is not enough time. At this point, you have claimed that your clients will assert the Fifth Amendment, and we believe you are making that claim in good faith, but nothing prevents them from changing their mind at any time, including during the questioning itself. In case they do decide to start testifying substantively, we want to be able to use the time we have already reserved with the witness efficiently, rather than having to stop the testimony and reconvene at a later date, especially since it has been challenging to schedule this time. This same consideration is why the sequencing of the witnesses matters to us. Even if the witnesses do go forward with asserting the Fifth Amendment to every question, one hour per witness is not enough time. Our investigation covers more than 15 businesses and 60 loan or forgiveness applications. It will take time to get through our questions, even if the witnesses respond with a repetitive short-form invocation. We already have been accommodating your request to consolidate the schedule by agreeing to start Mr. Younes' testimony on September 4 after finishing Mrs. Younes's testimony, while reserving September 5 if we need it. For Ms. Younes-Holz's testimony, does September 10th work for both of your schedules? Please let us know by August 21 about September 10th or an alternative date for Ms. Younes-Holz's testimony.

Finally, regarding your representation of Mindy Oman, we trust that you have analyzed and resolved any potential for conflicts in your representation of Ms. Oman, Younes Hospitality Inc., Mr. Paul Younes, Mrs. Linda Younes, and Ms. Margarita Younes-Holz. We can discuss our request to interview Ms. Oman when we talk on Thursday, August 21. Please let us know at

GOVERNMENT EXHIBIT

F

that time whether there are any other individuals that you represent in this investigation.

Sincerely,

*Shereece Dendy-Sanders*
**Assistant United States Attorney**
**District of Nebraska, Civil Division**
United States Attorney's Office
District of Nebraska
1620 Dodge Street, Suite 1400
Omaha, NE  68102-1506
**Office:** 402.661.3700 | **direct:** 402.661.3736
**fax:** 402.661.3081 | **email:** shereece.dendy-sanders@usdoj.gov

---

**From:** Duffy, Michael <mduffy@FraserStryker.com>
**Sent:** Thursday, August 14, 2025 12:47 PM
**To:** Dendy-Sanders, Shereece (USANE) <Shereece.Dendy-Sanders@usdoj.gov>; Ammons, Paige P (CIV) <Paige.Ammons@usdoj.gov>
**Cc:** Paul Forney <paul@forneylawfirm.com>
**Subject:** [EXTERNAL] RE: Younes Hospitality - Dept of Justice Investigation

Below is our response to your email:

**Depositions**

No, you have not answered all of our questions.  We are asking the Government to state unequivocally whether you intend to take some action during the deposition to thwart the assertion of the Fifth Amendment, either by compelling an answer through the grant of immunity or otherwise. I understand that you may disagree with their assertion and may choose to seek judicial relief at some point post-deposition, but we need a clear understanding that the Government will not seek to compel testimony from my clients while they are sitting for the deposition.

To be clear, DOJ has stated that this case is "egregious," involves a "sham transaction," and that my clients intentionally sought federal funds for which they were not eligible. I cannot advise them to testify under these circumstances because there is reasonable cause to believe that any statements they make may tend to incriminate them for federal and state law violations. Beyond telling you their names, they will invoke as to each and every question that is asked.

If the Government is acting in good faith, meaningfully participating in the meet and confer process, and is not misleading us, then it should not be an issue for you to simply state that the Government will not take some action during the deposition to thwart the assertion of the Fifth Amendment, either by compelling an answer through the grant of immunity or otherwise, with the reservation that DOJ may seek judicial relief on the validity of the assertion at some

point after the depositions are concluded.

## Scheduling

This leads to the other unanswered questions: why does the order matter? Or the length of time? We should be able to complete all of their on the record assertions in about one hour per witness. We can start at 10am and finish at or before 1pm on September 4. That leaves ample opportunity for DOJ to ask hundreds of questions to each witness. The only reason to do something else is to leave time for compelled answers or calling the judge in the deposition. We are not agreeing to do depositions under those circumstances.

## Written Discovery

We can agree to meet and confer regarding written discovery responses on August 20, except from 1pm-2pm, or August 21.

## Civil Attorneys

We don't understand why you are reminding us that this is a civil investigation being conducted by civil attorneys. Our point is that DOJ civil attorneys in a civil investigation have good faith obligations, meet and confer responsibilities, and are required to conduct themselves I compliance with applicable professional conduct rules. We are therefore asking that the Government agree to schedule depositions as set forth above.

## Letter to CPA Mindy Oman

I can also advise that I will be representing Mindy Oman in this matter. Please direct any and all correspondence and communications to me. I understand you are seeking to interview her. Please let me know when you would like to set up a call to discuss.

**Michael B. Duffy**
Attorney

**DIRECT**: 402.978.5332    **CELL**: 205.422.6090

**EMAIL**: mduffy@fraserstryker.com    Visit my bio

Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
fraserstryker.com

The information contained in this message is confidential and may be attorney-client privileged. It is intended only for the use of the individual or entity identified above. If the receiver of this message is not the intended recipient, you are hereby notified that reading, distribution, use, or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender by replying to the address noted above and delete the message.

**From:** Dendy-Sanders, Shereece (USANE) <Shereece.Dendy-Sanders@usdoj.gov>
**Sent:** Wednesday, August 6, 2025 2:22 PM

**To:** Duffy, Michael <mduffy@FraserStryker.com>; Ammons, Paige P (CIV)
<Paige.Ammons@usdoj.gov>
**Cc:** Paul Forney <paul@forneylawfirm.com>
**Subject:** [EXTERNAL] RE: Younes Hospitality - Dept of Justice Investigation

Mr. Duffy,

We are acting in good faith regarding your clients' testimony and our entire investigation.  First, we want to remind you that this is a civil investigation, and we are civil attorneys.  Second, as we have stated before, we intend to appear for the testimony on the dates we agree upon, and if your clients assert their 5th Amendment rights against self-incrimination, we will expect them to do so question by question.

We believe this answers the questions you posed to us, but please let us know if there is a particular question that you are still unclear about.

We are still awaiting your response regarding: (1) a date after Sept 5 for Ms. Younes-Holz's testimony, and (2) whether you are available on August 20 or the morning of August 21 for a call about production deficiencies.

Sincerely,

*Shereece Dendy-Sanders*
**Assistant United States Attorney**
**District of Nebraska, Civil Division**
United States Attorney's Office
District of Nebraska
1620 Dodge Street, Suite 1400
Omaha, NE  68102-1506
**Office:** 402.661.3700 | **direct:** 402.661.3736
**fax:** 402.661.3081 | **email:** shereece.dendy-sanders@usdoj.gov

---

**From:** Duffy, Michael <mduffy@FraserStryker.com>
**Sent:** Wednesday, August 6, 2025 11:48 AM
**To:** Dendy-Sanders, Shereece (USANE) <Shereece.Dendy-Sanders@usdoj.gov>; Ammons, Paige P (CIV) <Paige.Ammons@usdoj.gov>
**Cc:** Paul Forney <paul@forneylawfirm.com>
**Subject:** [EXTERNAL] RE: Younes Hospitality - Dept of Justice Investigation

Counsel –

The parties have good faith and meet and confer obligations under the rules regarding communications about the depositions. Moreover, the Nebraska Rules of Professional Conduct prohibit misleading statements or omissions that are the equivalent of affirmative

false statements.

By refusing to answer my questions, counsel for the Government is not compliance with their good faith and meet and confer obligations. In other words, you are not allowed to simply ignore my questions about the depositions. Each side has a good faith obligation to communicate with each other.

Additionally, it appears that counsel for DOJ may have made misleading statements that the depositions would be limited to my clients' invocation of their 5th Amendment rights.

I am therefore again requesting that counsel for DOJ answer the questions in my emails below as soon as possible. I have highlighted in yellow the questions below that require a response. Unless we receive complete answers to these questions, then we will not agree to make our clients available for these depositions based on counsel's failure to comply with the parties' good faith and meet and confer obligations.

**Michael B. Duffy**
Attorney

**DIRECT**: 402.978.5332    **CELL**: 205.422.6090

**EMAIL**: mduffy@fraserstryker.com    Visit my bio

Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
fraserstryker.com

The information contained in this message is confidential and may be attorney-client privileged. It is intended only for the use of the individual or entity identified above. If the receiver of this message is not the intended recipient, you are hereby notified that reading, distribution, use, or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender by replying to the address noted above and delete the message.

**From:** Dendy-Sanders, Shereece (USANE) <Shereece.Dendy-Sanders@usdoj.gov>
**Sent:** Tuesday, August 5, 2025 11:31 AM
**To:** Duffy, Michael <mduffy@FraserStryker.com>; Ammons, Paige P (CIV) <Paige.Ammons@usdoj.gov>
**Cc:** Paul Forney <paul@forneylawfirm.com>
**Subject:** [EXTERNAL] RE: Younes Hospitality - Dept of Justice Investigation

Mr. Duffy,

We can accommodate your request for Mrs. Younes and Mr. Younes to testify on September 4 and 5, with Mr. Younes' testimony starting after Mrs. Younes is done testifying on September 4. However, Ms. Younes Holz's testimony will need to be completed on a later date. Please provide us with another date after September 5 that works for you and your client.

Please let us know if August 20 or the morning of August 21 works for a discussion about your clients' interrogatory and document productions pursuant to the prior CIDs.

Sincerely,

*Shereece Dendy-Sanders*
**Assistant United States Attorney**
**District of Nebraska, Civil Division**
United States Attorney's Office
District of Nebraska
1620 Dodge Street, Suite 1400
Omaha, NE  68102-1506
**Office:** 402.661.3700 | **direct:** 402.661.3736
**fax:** 402.661.3081 | **email:** shereece.dendy-sanders@usdoj.gov

---

**From:** Duffy, Michael <mduffy@FraserStryker.com>
**Sent:** Tuesday, August 5, 2025 8:01 AM
**To:** Dendy-Sanders, Shereece (USANE) <Shereece.Dendy-Sanders@usdoj.gov>; Ammons, Paige P (CIV) <Paige.Ammons@usdoj.gov>
**Cc:** Paul Forney <paul@forneylawfirm.com>
**Subject:** [EXTERNAL] Re: Younes Hospitality - Dept of Justice Investigation

Counsel -
I have not received a response to the email I sent below on Friday. Does DOJ intend to compel testimony from my clients by providing immunity or not?

To be clear, we are not asking for immunity. As you know, I have repeatedly informed you that I do not believe it is reasonable to require my clients to answer questions when you will not provide a complete reverse proffer to allow them to properly prepare for a deposition. Accordingly, they do not intend to answer any questions at their depositions by asserting the 5th.

You have not accepted their blanket 5th Amendment assertion and are requiring them to appear and invoke their rights at a deposition. It would be absolutely unreasonable and a bad faith abuse of DOJ's authority to surprise witnesses with immunity when they have not been prepared to answer questions and have been misled to believe that they will not be compelled to answer questions.

Is this what the Government is planning to do? Or are you refusing to answer this question? Please respond as soon as possible.

Michael B. Duffy
mduffy@fraserstryker.com

---

**From:** Duffy, Michael <mduffy@FraserStryker.com>

**Sent:** Friday, August 1, 2025 8:57:56 AM
**To:** Dendy-Sanders, Shereece (USANE) <Shereece.Dendy-Sanders@usdoj.gov>; Ammons, Paige P (CIV) <Paige.Ammons@usdoj.gov>
**Cc:** Paul Forney <paul@forneylawfirm.com>
**Subject:** RE: Younes Hospitality - Dept of Justice Investigation

Yes, I changed the witness order you proposed to ease the burden on Paul and Linda. Since they are not going to answer any questions, then it does not appear to make a difference in which order they are deposed. Is there some reason why the order of the witnesses matters? Does DOJ plan to provide some kind of immunity to my clients at the deposition in order block their assertion of the 5th Amendment? Please advise if you are intending to do so or otherwise plan to take some action that would force my clients to testify notwithstanding their assertion of their rights against self-incrimination.

**Michael B. Duffy**
Attorney

**DIRECT:** 402.978.5332    **CELL:** 205.422.6090

**EMAIL:** mduffy@fraserstryker.com     Visit my bio

Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
fraserstryker.com

The information contained in this message is confidential and may be attorney-client privileged. It is intended only for the use of the individual or entity identified above. If the receiver of this message is not the intended recipient, you are hereby notified that reading, distribution, use, or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender by replying to the address noted above and delete the message.

**From:** Dendy-Sanders, Shereece (USANE) <Shereece.Dendy-Sanders@usdoj.gov>
**Sent:** Friday, August 1, 2025 7:24 AM
**To:** Duffy, Michael <mduffy@FraserStryker.com>; Ammons, Paige P (CIV) <Paige.Ammons@usdoj.gov>
**Cc:** Paul Forney <paul@forneylawfirm.com>
**Subject:** [EXTERNAL] Re: Younes Hospitality - Dept of Justice Investigation

Good Morning Mr. Duffy,

It appears the schedule got flipped a bit. We would like to interview Linda first on August 26th, followed by Maggie on Sept. 4 and Paul on Sept. 5. Is this doable?

Additionally, August 18th does not work on our end for the meet and confer. We are generally available August 20th and during the morning on August 21st. Do either of these days work for you?

Sincerely,

Shereece Dendy-Sanders

---

**From:** Duffy, Michael <mduffy@FraserStryker.com>
**Sent:** Thursday, July 31, 2025 2:04 PM
**To:** Ammons, Paige P (CIV) <Paige.Ammons@usdoj.gov>
**Cc:** Dendy-Sanders, Shereece (USANE) <Shereece.Dendy-Sanders@usdoj.gov>; Paul Forney <paul@forneylawfirm.com>
**Subject:** [EXTERNAL] RE: Younes Hospitality - Dept of Justice Investigation

Paige –

I have informed my clients of the following schedule:

- Maggie on Tuesday, August 26 at 10am Central Time.
- Linda on Thursday, September 4 at 10am Central Time. (Possibly start with Paul after Linda's deposition concludes.)
- Paul on Friday, September 5 at 10am Central Time.

Regarding the meet and confer, I am in a deposition on August 8. We are generally available August 18 or 19.

To be clear, we remain interested in settlement discussions so long as DOJ is willing to provide the information referenced in my previous emails. DOJ has declined to do so, which we believe is unreasonable. We also continue to believe it is unreasonable for DOJ to require our clients to appear for a deposition in light of their intent to assert the 5th. And we disagree that DOJ was permitted to send the written communications to our clients. We reserve the right to seek any and all appropriate relief now or in the future as to these matters.

**Michael B. Duffy**
Attorney

**DIRECT:** 402.978.5332    **CELL:** 205.422.6090

**EMAIL:** mduffy@fraserstryker.com    Visit my bio

Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
fraserstryker.com

The information contained in this message is confidential and may be attorney-client privileged. It is intended only for the use of the individual or entity identified above. If the receiver of this message is not the intended recipient, you are hereby notified that reading, distribution, use, or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender by replying to the address noted above and delete the message.

**From:** Ammons, Paige P (CIV) <Paige.Ammons@usdoj.gov>

**Sent:** Tuesday, July 29, 2025 4:56 PM
**To:** Duffy, Michael <mduffy@FraserStryker.com>
**Cc:** Dendy-Sanders, Shereece (USANE) <Shereece.Dendy-Sanders@usdoj.gov>; Paul Forney <paul@forneylawfirm.com>
**Subject:** [EXTERNAL] RE: Younes Hospitality - Dept of Justice Investigation

FRE 408 Communication

Michael,

We understand from your email that your clients are no longer interested in discussing a settlement.

Thank you for the testimony dates.  We do not think we will be able to get through all three witnesses in one day.  We propose that we reserve all three dates as follows: Mrs. Linda Younes on August 26, Ms. Margarita Younes Holz on September 4, and Mr. Paul Younes on September 5.  If you would prefer to try to do some of Mr. Younes' testimony after Ms. Holz's testimony, we can accommodate that request as long as we hold September 5 as well in case we need to wrap up the final questions that day.

Regarding CIDs 24-121, 24-122, and 24-123, we are available for a call to discuss the production deficiencies in the morning on August 8.  Please let us know if that day works for you.

Our certified mail to the CID recipients after sending you a courtesy copy of the CID via email does not constitute a communication with a represented party in violation of the professional responsibility rules.  We were effectuating service of the CIDs in accordance with 31 USC § 3733(d).

Paige Ammons
(202) 307-0198

---

**From:** Duffy, Michael <mduffy@FraserStryker.com>
**Sent:** Monday, July 28, 2025 12:16 PM
**To:** Ammons, Paige P (CIV) <Paige.Ammons@usdoj.gov>
**Cc:** Dendy-Sanders, Shereece (USANE) <Shereece.Dendy-Sanders@usdoj.gov>; Paul Forney <paul@forneylawfirm.com>
**Subject:** [EXTERNAL] RE: Younes Hospitality - Dept of Justice Investigation

Paige –

Perhaps we don't agree on the definition of a reverse proffer. Our view is that a proffer (reverse or otherwise) is full and complete. The presentation you made is not a full and complete

presentation. Even though we would get this information in discovery if suit was filed, you are unwilling to provide this information. As you know, DOJ would not offer a cooperation and plea agreement to a defendant without a full and complete proffer. Likewise, I cannot advise a client to settle a matter and admit liability without a full and complete review of the Government's discovery. It is for that reason that we do not believe your position is reasonable. We have asked you to reconsider that decision and you have declined.

As to your insistence that my clients be deposed despite their intent to assert the 5th to each and every question, we can propose the following dates for all witnesses to be available: August 26, September 4, and September 5. Since they do not intend to answer any questions, then we would ask that these be set for the same day and proceed with all three depositions until completed.

Regarding supplementing our responses to the CIDs, we would appreciate a meet and confer letter or phone call where DOJ specifically identifies the alleged deficiencies in each response and/or production. We will of course timely respond to meet our good faith discovery obligations.

Lastly, based on your last email, it appears that DOJ intentionally served my clients with CIDs despite my previous letter notifying you that they are represented by counsel and to direct and all communication and correspondence to me. Nebraska Rules of Professional Responsibility § 3-504.2 prohibits DOJ from communicating with my clients about this matter. Rule 5, Fed. R, Civ. P., also requires service on the attorney, absent a court order. Does DOJ assert that there is some legal authority that allows them to serve CIDs on individuals that DOJ knows to be represented by counsel?

Thank you.

**Michael B. Duffy**
Attorney

**DIRECT**: 402.978.5332     **CELL**: 205.422.6090

**EMAIL:** mduffy@fraserstryker.com     Visit my bio

Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
fraserstryker.com

The information contained in this message is confidential and may be attorney-client privileged. It is intended only for the use of the individual or entity identified above. If the receiver of this message is not the intended recipient, you are hereby notified that reading, distribution, use, or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender by replying to the address noted above and delete the message.

**From:** Ammons, Paige P (CIV) <Paige.Ammons@usdoj.gov>
**Sent:** Wednesday, July 23, 2025 1:23 PM
**To:** Duffy, Michael <mduffy@FraserStryker.com>
**Cc:** Dendy-Sanders, Shereece (USANE) <Shereece.Dendy-Sanders@usdoj.gov>; Paul Forney

<paul@forneylawfirm.com>
**Subject:** [EXTERNAL] RE: Younes Hospitality - Dept of Justice Investigation

Michael,

We are confused by your contention that we have never provided "something similar to a 'reverse proffer' … to facilitate a settlement." We previously made a presentation to your co-counsel that outlined evidence of your clients' ineligibility for PPP and how their transfers violated SBA rules. We presented to Mr. Forney in January of this year, prior to your involvement in the case. Since you are new to the case, we offered to make the same presentation to you as well, but you have now declined. We are open to continuing the settlement negotiations and we believe this presentation may help you understand our potential claims, so you are welcome to reconsider our offer to meet with you. You are correct that we are not willing to give you broader, unspecified access to our investigative files.

As for testimony, you acknowledged that we are not required to accept your blanket assertion of the 5th Amendment and that your clients must do so question-by-question. Within 7 days, please provide us with proposed testimony dates for each CID recipient.

In addition, please provide us with a status update on your review of your client's interrogatory responses and document productions in response to CIDs 24-121, 24-122, and 24-123. Please confirm by August 6 whether you intend to supplement clients' responses.

Finally, we understand your reference to our formal service of your clients to mean that you will accept any future service on your clients' behalf. Thank you.


Paige Ammons
(202) 307-0198

---

**From:** Duffy, Michael <mduffy@FraserStryker.com>
**Sent:** Tuesday, July 22, 2025 10:53 AM
**To:** Ammons, Paige P (CIV) <Paige.Ammons@usdoj.gov>
**Cc:** Dendy-Sanders, Shereece (USANE) <Shereece.Dendy-Sanders@usdoj.gov>; Paul Forney <paul@forneylawfirm.com>
**Subject:** [EXTERNAL] RE: Younes Hospitality - Dept of Justice Investigation

Paige –

Our response to your email is as follows:

1. **Disclosure of Documents/Information**: We are not asserting that DOJ is required or obligated to provide us with discovery prior to filing a lawsuit. We are requesting that

DOJ provide us with something similar to a "reverse proffer" or pre-suit discovery. The basis for this request is that we are working in good faith to negotiate a settlement. But we cannot advise our clients as to the appropriate resolution without a full understanding of the case. In short, we have asked for pre-suit discovery to facilitate a settlement. We understand DOJ has declined to do so.

2. **<u>Lack of Eligibility</u>**: If you are not willing to share pre-suit discovery that supports the Government's assertion that our clients were not eligible, then I have no basis to advise my clients that they have engaged in wrongdoing. Again, it appears that our clients used legal means to allow the company to apply for and obtain the funds. Without more information from the Government, then I am unable to advise my clients to resolve this matter prior to full and complete discovery. Again, we understand DOJ is declining to provide this information.

3. **<u>Depositions</u>**: At this time, my clients intend to answer any question that is asked with the assertion of the Fifth Amendment. Although you are not required to accept this blanket assertion, we believe your refusal to do so is unreasonable. This is particularly problematic since DOJ is refusing to provide pre-suit discovery in advance of the depositions, as well as our willingness to consider making them available on a voluntarily basis provided that full and complete discovery is made available. Moreover, if pre-suit discovery was available, then their depositions might not even be necessary as that would likely facilitate a negotiated resolution. We would request that you reconsider your refusal to accept our clients blanket assertion of the Fifth Amendment.

4. **<u>Schedule</u>**: If you insist to depose them at this time, then we will provide you with dates when we are available. I am scheduled to be in trial the week of August 11, so those dates do not work.

5. **<u>Meeting</u>**: Based on DOJ's current position, we do not think a meeting limited to the information provided previously to Paul Forney is productive and therefore decline to attend.

6. **<u>Contact with our clients</u>**: Our clients received notices for their depositions from DOJ directly in addition to the notices provided to their attorneys. We assume that the direct contact from DOJ was inadvertent since DOJ is fully aware that they are represented by counsel. Please direct all communications about this matter to me and Paul Forney.

Thank you.

**Michael B. Duffy**

Attorney

**DIRECT:** 402.978.5332    **CELL:** 205.422.6090

**EMAIL:** mduffy@fraserstryker.com    Visit my bio

Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
fraserstryker.com

The information contained in this message is confidential and may be attorney-client privileged. It is intended only for the use of the individual or entity identified above. If the receiver of this message is not the intended recipient, you are hereby notified that reading, distribution, use, or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender by replying to the address noted above and delete the message.

**From:** Ammons, Paige P (CIV) <Paige.Ammons@usdoj.gov>
**Sent:** Tuesday, July 22, 2025 9:05 AM
**To:** Duffy, Michael <mduffy@FraserStryker.com>
**Cc:** Dendy-Sanders, Shereece (USANE) <Shereece.Dendy-Sanders@usdoj.gov>; Paul Forney <paul@forneylawfirm.com>
**Subject:** [EXTERNAL] RE: Younes Hospitality - Dept of Justice Investigation

Michael,

Under the CID provisions of the False Claims Act at 31 U.S.C. § 3733, we have no obligation to provide discovery to CID recipients prior to taking their testimony. If your clients intend to assert their 5th Amendment right against self-incrimination, they must still appear for testimony and make the assertion specifically question-by-question. Please confirm whether your clients are available on the following dates:

- Mrs. Linda Younes on August 11 at 10 am CT;
- Ms. Margarita Younes Holz on August 12 at 10 am CT; and
- Mr. Paul Younes on August 14 at 10 am CT.

Regarding your point about having difficulty seeing your clients' wrongdoing, we will reiterate that our focus is on your clients' lack of eligibility for PPP loans. Nothing you raised in your email – use of the funds, the fact that your clients kept employees on payroll during the pandemic – addresses eligibility. We are happy to present the slides that cover this topic on July 23 as planned, but let us know if you would prefer to drop that date.

Thanks,
Paige

Paige Ammons
Trial Attorney

U.S. Department of Justice

Civil Division

Commercial Litigation Branch, Fraud Section

175 N Street, NE

Room 10.1808

Washington, DC 20002

Tel: (202) 307-0198

---

**From:** Duffy, Michael <mduffy@FraserStryker.com>
**Sent:** Monday, July 14, 2025 4:11 PM
**To:** Ammons, Paige P (CIV) <Paige.Ammons@usdoj.gov>
**Cc:** Dendy-Sanders, Shereece (USANE) <Shereece.Dendy-Sanders@usdoj.gov>; Paul Forney <paul@forneylawfirm.com>
**Subject:** [EXTERNAL] RE: Younes Hospitality - Dept of Justice Investigation

Paige –

Thanks for agreeing to move the meeting. Our intention is to try and resolve this short of litigation. As such, it is our position that we would like as much information that shows liability on the part of our clients. Although I would appreciate seeing the presentation previously shown to Paul, I think it would facilitate negotiations to have a better understanding as to the evidence that supports the government's position that this is an egregious case and/or that the ownership change was a sham transaction. From what we have seen, our clients used legal means to avail themselves of a beneficial government program and all the funds were properly spent. More importantly, our clients did not terminate any employees – something that would likely not be possible but for the PPP funds. This was, as you know, the purpose of the funds.

We therefore have difficulty in explaining to our clients their liability. Since our clients will be able to view the evidence of potential wrongdoing in discovery, it seems unnecessary to hold this back until litigation is brought. Again, we do not expect copies, but at the very least would like to see the presentation include the evidence that indicates liability beyond what you have already provided to Paul. We respectfully ask that you reconsider your position on this.

Likewise, we cannot agree to make our clients available for deposition under different circumstances than their deposition would be if litigation is filed. First, we are in good faith seeking to agree on a resolution. Preparing for and defending three depositions is expensive and therefore counterproductive to our clients' desire to resolve this in a timely and efficient manner. Second, to the extent you are demanding that they testify

pursuant the CID without disclosure of the information that we believe is necessary to prepare, then you leave our clients no choice but to assert the 5th at this time. We would like to avoid doing so and instead work towards a resolution.

We understand that you see this case differently from us. We are working to find a way to bring our respective views closer in order to agree on a settlement. In our view, that requires more information than you have disclosed thus far. Additionally, we do not believe we are effectively representing the interests of our clients without being able to fully prepare them for interviews or depositions. We would like to avoid litigation. But if the government is not willing to provide essentially the same information as we would receive in discovery, then we would likely be at an impasse.

Thank you for your consideration.

**Michael B. Duffy**
Attorney

**DIRECT**: 402.978.5332    **CELL**: 205.422.6090

**EMAIL:** mduffy@fraserstryker.com    Visit my bio

Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
fraserstryker.com

The information contained in this message is confidential and may be attorney-client privileged. It is intended only for the use of the individual or entity identified above. If the receiver of this message is not the intended recipient, you are hereby notified that reading, distribution, use, or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender by replying to the address noted above and delete the message.

**From:** Ammons, Paige P (CIV) <Paige.Ammons@usdoj.gov>
**Sent:** Monday, July 14, 2025 8:33 AM
**To:** Duffy, Michael <mduffy@FraserStryker.com>; Paul Forney <paul@forneylawfirm.com>
**Cc:** Dendy-Sanders, Shereece (USANE) <Shereece.Dendy-Sanders@usdoj.gov>
**Subject:** [EXTERNAL] RE: Younes Hospitality - Dept of Justice Investigation

Michael,

Following up on the CIDs we sent last week, we would like to schedule the testimony as follows:

- Mrs. Linda Younes on July 23, after our meeting;
- Mrs. Margarita Younes Holz on August 12; and
- Mr. Paul Younes on August 14.

As stated in the CIDs, the testimony will be held at the US Attorney's Office in Omaha, and will be stenographically recorded.  We would start Mrs. Younes' testimony at 11 am CST (after our

meeting), and 10 am CST for Mrs. Holz and Mr. Younes.  Please confirm whether the witnesses are available on those dates.

Thanks,
Paige

Paige Ammons
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch, Fraud Section
175 N Street, NE
Room 10.1808
Washington, DC 20002
Tel: (202) 307-0198

---

**From:** Ammons, Paige P (CIV)
**Sent:** Tuesday, July 8, 2025 4:14 PM
**To:** Duffy, Michael <mduffy@FraserStryker.com>; Paul Forney <paul@forneylawfirm.com>
**Cc:** Dendy-Sanders, Shereece (USANE) <Shereece.Dendy-Sanders@usdoj.gov>
**Subject:** RE: Younes Hospitality - Dept of Justice Investigation

Michael,

Thanks for letting us know.  Let's plan to do July 23 at 10 am CST at the US Attorney's Office in Omaha.  I will send an invite shortly.  We will present the same presentation that we showed Mr. Forney in January, which has some documents in it.  We can consider doing a more detailed presentation after we take testimony from Mr. Younes, Mrs. Younes, and Ms. Holz.   To that end, I am attaching courtesy copies of the CIDs for testimony for all three individuals, which we sent via certified mail today.

Thanks,
Paige

Paige Ammons
(202) 307-0198

---

**From:** Duffy, Michael <mduffy@FraserStryker.com>
**Sent:** Tuesday, July 8, 2025 12:36 PM
**To:** Ammons, Paige P (CIV) <Paige.Ammons@usdoj.gov>; Paul Forney <paul@forneylawfirm.com>
**Cc:** Dendy-Sanders, Shereece (USANE) <Shereece.Dendy-Sanders@usdoj.gov>
**Subject:** [EXTERNAL] Re: Younes Hospitality - Dept of Justice Investigation

Thanks, Paige. I thought I would be available for the Friday time, but I have a family conflict that day. I am available on 7/23 and 7/25. Do have any time slots available those days? Thank you.

Michael B. Duffy

mduffy@fraserstryker.com

**From:** Ammons, Paige P (CIV) <Paige.Ammons@usdoj.gov>
**Sent:** Wednesday, July 2, 2025 11:02:49 AM
**To:** Paul Forney <paul@forneylawfirm.com>; Michael Duffy <mduffy@fraserstryker.com>
**Cc:** Dendy-Sanders, Shereece (USANE) <Shereece.Dendy-Sanders@usdoj.gov>
**Subject:** [EXTERNAL] RE: Younes Hospitality - Dept of Justice Investigation

Thanks for your time today.  Shereece and I can be available on Thursday, July 17 at 10 am central time or Friday, July 18 at 10 am central time at her office to present some of the documents that we described on today's call.  Would either of those times work for you?

Thanks,
Paige

Paige Ammons
(202) 307-0198

**From:** Paul Forney <paul@forneylawfirm.com>
**Sent:** Monday, June 30, 2025 3:32 PM
**To:** Ammons, Paige P (CIV) <Paige.Ammons@usdoj.gov>
**Cc:** Michael Duffy <mduffy@fraserstryker.com>; Laura Katz <lkatz@fraserstryker.com>; Dendy-Sanders, Shereece (USANE) <Shereece.Dendy-Sanders@usdoj.gov>
**Subject:** [EXTERNAL] Re: Younes Hospitality - Dept of Justice Investigation

That works for me . Paul
Sent from my iPhone

> On Jun 30, 2025, at 1:00 PM, Ammons, Paige P (CIV) <Paige.Ammons@usdoj.gov> wrote:

> 10 am Central Time on Wednesday works for me and Shereece.  I will send a teams invite.

> Thanks,

Paige

Paige Ammons
(202) 307-0198

---

**From:** Duffy, Michael <mduffy@FraserStryker.com>
**Sent:** Monday, June 30, 2025 11:51 AM
**To:** Ammons, Paige P (CIV) <Paige.Ammons@usdoj.gov>; Katz, Laura <lkatz@FraserStryker.com>; Dendy-Sanders, Shereece (USANE) <Shereece.Dendy-Sanders@usdoj.gov>
**Cc:** Paul Forney <paul@forneylawfirm.com>
**Subject:** [EXTERNAL] RE: Younes Hospitality - Dept of Justice Investigation

Sorry for the delay – I was tied up last week. I am generally available on Wednesday and Thursday this week. Are there any times that work for you those days?

Thank you.

**Michael B. Duffy**
Attorney

**DIRECT:** 402.978.5332    **CELL:** 205.422.6090

**EMAIL:** mduffy@fraserstryker.com    Visit my bio

Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
fraserstryker.com

The information contained in this message is confidential and may be attorney-client privileged. It is intended only for the use of the individual or entity identified above. If the receiver of this message is not the intended recipient, you are hereby notified that reading, distribution, use, or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender by replying to the address noted above and delete the message.

**From:** Ammons, Paige P (CIV) <Paige.Ammons@usdoj.gov>
**Sent:** Wednesday, June 25, 2025 9:09 AM
**To:** Katz, Laura <lkatz@FraserStryker.com>; Dendy-Sanders, Shereece (USANE) <Shereece.Dendy-Sanders@usdoj.gov>
**Cc:** Paul Forney <paul@forneylawfirm.com>; Duffy, Michael <mduffy@FraserStryker.com>
**Subject:** [EXTERNAL] RE: Younes Hospitality - Dept of Justice Investigation

Michael,

Thank you for your letter.  Regarding your request for a phone call,  Shereece and I are available today or tomorrow until 4:30 CST, and Friday morning until 12:30 CST.  Let us know if anything in those windows works for you, and I can send a

teams invite.

Thanks,
Paige

Paige Ammons
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch, Fraud Section
175 N Street, NE
Room 10.1808
Washington, DC 20002
Tel: (202) 307-0198

---

**From:** Katz, Laura <lkatz@FraserStryker.com>
**Sent:** Tuesday, June 17, 2025 10:42 AM
**To:** Dendy-Sanders, Shereece (USANE) <Shereece.Dendy-Sanders@usdoj.gov>;
Ammons, Paige P (CIV) <Paige.Ammons@usdoj.gov>
**Cc:** Paul Forney <paul@forneylawfirm.com>; Duffy, Michael
<mduffy@FraserStryker.com>
**Subject:** [EXTERNAL] Younes Hospitality - Dept of Justice Investigation

Attached please find correspondence from Michael Duffy regarding the above matter.

Thank you,

**Laura E. Katz**   she/her
Legal Administrative Assistant
**DIRECT:** 402.978.5243
**EMAIL:** lkatz@fraserstryker.com



Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
fraserstryker.com

The information contained in this message is confidential and may be attorney-client privileged. It is intended only for the use of the individual or entity identified above. If the receiver of this message is not the intended recipient, you are hereby notified that reading, distribution, use, or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender by replying to the address noted above and delete the message.