

**Michael B. Duffy**
ATTORNEY
402.978.5332
mduffy@fraserstryker.com
**fraserstryker.com**

November 26, 2025

Ms. Paige Ammons
Civil Fraud Section
U.S. Department of Justice
175 N. St. NE
Washington, D.C. 20002

Ms. Shereece Dendy-Sanders
AUSA, District of Nebraska, Civil Division
1620 Dodge St., Ste. 1400
Omaha, NE 68102

      RE:    Younes Hospitality, *et. al*, Investigation

Dear Ms. Ammons and Ms. Dendy-Sanders:

      I am writing on behalf of my clients, Mr. Paul Younes, Mrs. Linda Younes, Mrs. Margarita Younes-Holz (collectively, the "Younes"), and their business entities identified more fully in Attachment A to CID 24-121, to formally request the closure of the investigation into their applications for Paycheck Protection Program ("PPP") funds. The information available to you obtained through your investigation into the Younes, no longer supports any cause of action against them under the False Claims Act, 31 U.S.C. §§ 3729-3733 ("FCA"), and therefore we formally request that you close your file.

      We participated in a meet and confer meeting on August 21, 2025, in which you were made aware of the Younes' intention to rely on an advice of counsel defense with regard to Luke Simpson. On September 8, 2025, you indicated in email correspondence your confirmation of the Younes' advice of counsel defense. On September 16, 2025, we confirmed our intent to assert the defense and memorialized the scope of the waiver of attorney client privilege with the Younes and Mr. Simpson. On October 27, 2025, we confirmed our representation of Mr. Paul Forney with respect to this investigation.

      Since that time, we have fully cooperated with the investigation and provided all information requested by your office, including document production and interview with Mindy Oman, which was done in good faith and without the issuance of a CID on her behalf. This is in addition to multiple document productions from Luke Simpson and ultimately, his hours-long sworn testimony last week. Overall, the Younes, Mr. Simpson, Ms. Oman, and Mr. Forney have

**GOVERNMENT EXHIBIT**

**N**

November 26, 2025
Page 2

each been highly cooperative and fully transparent through the course of your investigation, in an effort to show their compliance with the law and pure intentions regarding the PPP funds.

The Eighth Circuit has stated that the advice of counsel defense requires a defendant to show: (1) full disclosure of material facts to his counsel prior to seeking advice, and (2) good faith actual reliance on the advice in the belief that his conduct was legal. *United States v. Naushad*, 68 F.4th 380, 387 (8th Cir. 2023); *see also U.S. ex rel. Drakeford v. Tuomey*, 792 F.3d 364, 381 (4th Cir. 2015) (holding the same in the context of a False Claims Act claim).

Mr. Simpson credibly testified for over four hours regarding the extent of his attorney-client relationship with the Younes and described in detail the advice they sought from him regarding PPP loans. Specifically, Mr. Simpson explained how the Younes asked for his advice and counsel in how PPP was to be administered, and whether or not they would qualify. He testified that he spoke with Congressman Adrian Smith's office to learn information about the program's implementation. He stated that he reviewed the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, as well as guides and handouts propagated by the Small Business Administration that informed business owners of their eligibility status and provided information on how to apply. He was asked by the Younes to review and provide advice on the first PPP application when the Younes discovered their potential ineligibility for the loans.

Mr. Simpson described in detail how the Younes were forthcoming with him about their initial concerns regarding PPP eligibility due to Mr. Younes' pending probation. He testified about the meeting at the Younes' property in late March or early April 2020 where the issue was discussed and, ultimately, his advice was sought. Mr. Simpson was well aware of all the material facts, and there is no indication that the Younes hid or omitted any necessary information from him. Namely, Mr. Simpson knew that Mr. Younes was on probation for an unrelated criminal charge, that Mr. Younes was more than a 20% owner in the business entities, and that the Younes were applying for PPP in order to save their businesses from going under and having to lay off hundreds of employees.

The Younes intentionally sought the advice of Mr. Simpson prior to changing the ownership structure of the Younes entities. Mr. Simpson testified that he advised them he believed the ownership change would ensure the Younes are compliant with the applicable law. Mr. Simpson even consulted with Mr. Forney to ensure compliance. Mr. Simpson's deposition made clear that the Younes then relied on this advice, and therefore instructed Mr. Simpson to draft the necessary business documents to change ownership to Linda. Mr. Simpson then effectuated the transfer under Nebraska law, and advised the family that Linda would, in fact, have to be the actual owner, including signing necessary legal documents. Even though Mr. Simpson was unaware of the six (6) month exception, Mr. Younes did comply with this for at least a month—indicating that he was, in fact, in compliance with SOP 50 10 5(K) because he was completely divested and his relationship with the business entities was severed.

Given this information, it is clear that the Younes meet the standard for the advice of counsel defense as described above. **There was clearly full disclosure of material facts to Mr. Simpson, and the Younes relied in good faith on his advice to ensure they complied with PPP eligibility requirements. Good faith reliance on counsel's advice negates the mens rea requirement under the FCA.** *United States v. Vernon*, 723 F.3d 1234, 1269 (11th Cir. 2013). The

November 26, 2025
Page 3

Younes clearly did not intend to defraud anyone in their application; rather, they intended only to comply with the law to save hundreds in their community from unemployment during a difficult and unprecedented time.

The standard for the advice of counsel defense is not whether the government, or any other third party, thinks the advice or reliance thereof is reasonable. Rather, the standard is oriented upon the client's subjective good faith reliance on the advice of a practicing attorney to ensure compliance. That good faith reliance has been established here.

Mr. Simpson was recommended to the Younes family by their long time, trusted attorney. He testified that he has the full respect of the Younes. They listen to him, take his advice, consult him regularly, and are some of his best clients. Mr. Simpson testified that the Younes began as his client because of the referral of a tenured attorney in the area who knew and trusted him. At this time, you have been able to fully examine Mr. Simpson and review the hundreds of pages of documents provided to you. Mr. Simpson testified for over four and a half hours. We did not object to questions in a good faith effort to be fully forthcoming about the underlying facts of the Younes' PPP application. There simply remains no reason to continue the investigation into the Younes in light of Mr. Simpson's testimony.

Finally, we are in receipt of your email dated November 21, 2025 regarding the depositions of Mr. Forney, Mr. Younes, Mrs. Younes, and Ms. Younes-Holz. We do not agree to produce any of these individuals for depositions prior to a meet and confer. Your decision to deny our request for interviews, rather than depositions, of these individuals was made unilaterally, without explanation, and does not comply with your good faith obligation to meet and confer with us on that issue. Therefore, we request a meeting to discuss the need for further sworn testimony in light of Mr. Simpson's deposition. We are also unaware of any additional obligations relating to supplemental responses to CIDs 24-121, 24-122, and 24-123. We do not believe that there are any additional documents to be provided. We will participate in a meet and confer on this issue, as well.

**Please confirm your availability in writing for the week of December 8, 2025 for a meet and confer within 10 days of receipt of this correspondence.**

Very truly yours,

Michael B. Duffy
Heidi V. Mickelson

FOR THE FIRM

MBD/hvm