

**Michael B. Duffy**
ATTORNEY
402.978.5332
mduffy@fraserstryker.com
**fraserstryker.com**

December 8, 2025

Ms. Paige Ammons
Civil Fraud Section
U.S. Department of Justice
175 N. St. NE
Washington, D.C. 20002

Ms. Shereece Dendy-Sanders
AUSA, District of Nebraska, Civil Division
1620 Dodge St., Ste. 1400
Omaha, NE 68102

RE:     Younes Hospitality, et. al, Investigation

Dear Ms. Ammons and Ms. Dendy-Sanders:

We are writing this correspondence in response to our meet and confer on Friday, December 5, 2025, regarding the Department of Justice's intention to continue with its investigation into our clients, Mr. Paul Younes, Mrs. Linda Younes, and Mrs. Margarita Younes-Holz (the "Younes").

Our correspondence to you dated November 26, 2025, requested the December 5th meet and confer to discuss the need for further depositions of our clients in light of our established advice of counsel defense. Your responsive email dated December 2, 2025, did not address the advice of counsel defense, and instead stated that the government would be moving forward with four additional depositions, without any explanation as to how the continuation of the investigation is necessary considering Mr. Simpson's testimony.

At our meet and confer, we asked you two questions: (1) Does the government find Mr. Simpson's testimony credible? and (2) Does the government believe that the substance of Mr. Simpson's testimony support the requirements of the advice of counsel defense as established under law? You refused to provide us with simple answers to these basic questions.



GOVERNMENT
EXHIBIT

O

December 8, 2025
Page 2

To us, it is clear that Mr. Simpson credibly testified and that the requirements of the advice of counsel defense have been satisfied, as we articulated in our previous letter. Unless you believe Mr. Simpson was not truthful and/or you do not believe the legal requirements for an advice of counsel defense have been satisfied, then there is no good faith basis to continue with the investigation. Based on our call, however, it is our understanding that the government refuses to have any discussion on this matter whatsoever, including the limited interview alternative we proposed.

We do not understand your unequivocal refusal to cooperate with us regarding this information. Your refusal is inconsistent with the government's obligations under the discovery rules and the Department's own directives regarding cooperation and transparency in civil enforcement matters.

The Federal Rules of Civil Procedure, as applicable to this investigation through 31 U.S.C. § 3733(b), require that discovery requests not be imposed for any improper purpose, such as to harass, *cause unnecessary delay, or needlessly increase the cost of litigation*. *See* Fed. R. Civ. P. 26(g). Fed. R. Civ. P. 37 requires that parties meet and confer *in good faith* to resolve disputes prior to court intervention. The government's refusal to explain even a basic reason why depositions need to be taken does not satisfy the good faith and meet/confer requirements. It will be very costly for us to prepare and present four witnesses for in-person depositions. Accordingly, the government's refusal to cooperate with us regarding the need for continued investigation or even provide a basic response to the credibility of Mr. Simpson's testimony serves only to delay and unreasonably increase costs for the Younes.

The proportionality requirement set forth in Rule 26 requires that discovery sought is relevant to a claim and proportional to the needs of the case. At this juncture, you have not provided any justification why four additional depositions are relevant or necessary for your investigation into the Younes. We believe the good faith and meet/confer requirements must be complied with by the government before any further depositions occur. In other words, we are not aware of any good faith reason why the advice of counsel defense should not apply, and the government has refused to even discuss this issue with us, including reasonable alternatives to depositions. We therefore inform you that the depositions will not proceed unless and until the government satisfies its discovery obligations on these matters.

As we have stated previously, we will agree to make the Younes available for limited-scope interviews (i.e., on the advice of counsel issue) as a reasonable alternative to unfettered depositions. We agree to produce them on the previously agreed upon dates and times, December 22 and 23, 2025. Please advise if you will agree to withdraw the CID Notices in lieu of limited interviews.

Finally, should you seek judicial intervention, we believe you have not satisfied the meet and confer requirements necessary for you to do so. If you proceed with a petition for enforcement, however, we request that you provide a copy of our correspondence and Mr. Simpson's deposition testimony to us and the court.

December 8, 2025
Page 3

Very truly yours,

Michael B. Duffy
FOR THE FIRM

MBD:hvm