

# U.S. Department of Justice

**United States Attorney**
**District of Nebraska**

| | |
|---|---|
| *1620 Dodge Street, Suite 1400* | *PH: (402) 661-3700* |
| *Omaha, Nebraska 68102-1594* | *FAX: (402) 661-3081* |
| | *TTY: (402) 345-6976* |

December 11, 2025

Fraser Stryker PC LLO
Attn: Michael Duffy & Heidi Mickelson
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
via email: mduffy@FraserStryker.com
        hmickelson@FraserStryker.com

Dear Counsel,

The Government received your December 8, 2025 correspondence addressing our call on Friday, December 5, 2025.

As we stated in our email on December 2, 2025 and again reiterated in our call on December 5, 2025, the Government is declining to close its investigation.  It has been nearly two years – February of 2024 – since we first sent Civil Investigative Demands for interrogatory responses and documents to Mr. Paul Younes, Mrs. Linda Younes, and Younes Hospitality, and they first raised the advice of counsel defense on September 2, 2025 on the eve of Mrs. Younes' CID testimony.  The Government must adequately evaluate that defense and cannot simply accept the defense at face-value or based on a single witness's testimony.

In response to your pointed questions about Luke Simpson's testimony in our call on December 5, 2025, we declined to engage in a back and forth about the evidence and legal standards, and instead simply stated that the Government has a good faith basis for continuing its investigation and we are not ignoring any evidence that you have raised to us.  You are free to speculate about how we may view Mr. Simpson's testimony, particularly because you sat through the same testimony, but we are not aware of any discovery obligation or Department directive regarding cooperation and transparency that requires us to disclose our views of Mr. Simpson's credibility or whether his testimony supports elements of the advice of counsel defense.

On December 2, 2025 and December 5, 2025 the Government asked you to confirm that your clients – including Mr. Paul Younes, Mrs. Linda Younes, and Ms. Margarita Younes-Holz (collectively, "the Younes"), and Mr. Paul Forney – will still appear for oral testimony pursuant to their respective Civil Investigative Demands ("CIDs") and produce previously sought documents.  The deadline the Government previously provided for the production of documents was December 5, 2025.

Documents

Your December 8, 2025 correspondence is silent as to any supplemental productions pursuant to CID Nos. 24-121, 24-122, and 24-123 from the Younes and as to an initial production

GOVERNMENT
EXHIBIT

P

of documents from Mr. Forney.  Please provide us with an updated timeline for production of documents from the Younes and Mr. Forney no later than December 19, 2025.

<u>Testimony</u>

Regarding testimony, your December 8, 2025 correspondence states that the Younes refuse to testify pursuant to the CIDs, and instead would only agree to "limited-scope interviews (i.e. on the advice of counsel issue)" on the previously agreed upon dates of December 22 and 23, 2025. None of the reasons cited in your letter are bases for refusing to testify under oath.  The three Younes witnesses were the sole decision-makers and signers of the PPP applications at issue; they clearly have information relevant to the investigation.  The fact that the Younes believe they have a valid defense to FCA liability is not a basis for refusing to comply with the CID.  As to your clients' costs, the Government does not understand how preparing for testimony is significantly more costly than preparing for a voluntary interview, and regardless, the cost of preparing the three key witnesses in this case is not a valid basis for noncompliance to the CID.

Your letter was silent as to the oral testimony of Mr. Forney pursuant to CID 25-943, which was scheduled for December 19, 2025.  The Government sought his testimony after you informed us of his role with respect to the advice of counsel defense.  Because you have not produced any documents associated with his waived privileged advice, we are unable to go forward with his testimony on December 19, 2025.

By December 19, 2025, please provide additional dates and times for the oral testimony of the Younes and Mr. Forney.  Note that any offered dates should be after you anticipate producing documents.  If you do not respond by December 19, 2025 we will understand your nonresponse to mean that your clients at issue here – Mr. Forney and the Younes – are refusing comply with their CIDs for oral testimony.

Sincerely,

LESLEY A. WOODS
United States Attorney

By:   Shereece Dendy-Sanders
Assistant U.S. Attorney

cc: Paige Ammons, Trial Attorney, U.S. Department of Justice, Civil Frauds Section