| | |
|---|---|
| **From:** | Ammons, Paige P (CIV) |
| **To:** | Duffy, Michael; Dendy-Sanders, Shereece (USANE) |
| **Cc:** | Harman, Victoria; Baldridge, Alyssa; Mickelson, Heidi |
| **Subject:** | RE: Enforcement of CIDs 25-689, 25-690, 25-691, and 25-943 |
| **Date:** | Thursday, June 25, 2026 3:16:01 PM |
| **Attachments:** | image001.png |

Mr. Duffy,

As discussed on the meet and confer call yesterday, please send us dates for Mr. Forney's testimony at the U.S. Attorney's Office in Omaha by Monday, June 29.

For the remaining witnesses (Paul Younes, Linda Younes and Maggie Younes-Holz), we do not agree to forgo the oral testimony sought by CIDs 25-689, 25-690, and 25-691. However, we are willing to travel to Kearney in person to conduct the testimony called for by the CIDs.  Please let us know by Monday, June 29 whether your clients will sit for testimony in Kearney.

**Paige Ammons |** Trial Attorney
Civil Fraud Section, U.S. Department of Justice
Office: (202) 307-0198 | Cell: (202) 436-6818
175 N St. NE, Washington, DC 20002



---

**From:** Ammons, Paige P (CIV)
**Sent:** Wednesday, June 24, 2026 9:32 AM
**To:** Duffy, Michael <mduffy@FraserStryker.com>; Dendy-Sanders, Shereece (USANE) <Shereece.Dendy-Sanders@usdoj.gov>
**Cc:** Harman, Victoria <VHARMAN@FraserStryker.com>; Baldridge, Alyssa <abaldridge@FraserStryker.com>; Mickelson, Heidi <hmickelson@fraserstryker.com>
**Subject:** RE: Enforcement of CIDs 25-689, 25-690, 25-691, and 25-943

I sent a calendar invite for 2:00 pm CST / 3:00 pm EST.   Please forward it to anyone else from your team that you would like to join.

**Paige Ammons |** Trial Attorney
Civil Fraud Section, U.S. Department of Justice
Office: (202) 307-0198 | Cell: (202) 436-6818
175 N St. NE, Washington, DC 20002



**GOVERNMENT EXHIBIT**

**T**



**From:** Duffy, Michael <mduffy@FraserStryker.com>
**Sent:** Wednesday, June 24, 2026 8:38 AM
**To:** Dendy-Sanders, Shereece (USANE) <Shereece.Dendy-Sanders@usdoj.gov>; Ammons, Paige P (CIV) <Paige.Ammons@usdoj.gov>
**Cc:** Harman, Victoria <VHARMAN@FraserStryker.com>; Baldridge, Alyssa <abaldridge@FraserStryker.com>; Mickelson, Heidi <hmickelson@fraserstryker.com>
**Subject:** [EXTERNAL] Re: Enforcement of CIDs 25-689, 25-690, 25-691, and 25-943

Thank you for your call. I was not available yesterday. I was supposed to be in court this afternoon, but that has been canceled. I am now available any time after 1230pm today. Are you all available to have a call?

Get Outlook for iOS

**From:** Dendy-Sanders, Shereece (USANE) <Shereece.Dendy-Sanders@usdoj.gov>
**Sent:** Tuesday, 23 June 2026 09:11:25
**To:** Duffy, Michael <mduffy@FraserStryker.com>; Ammons, Paige P (CIV) <Paige.Ammons@usdoj.gov>
**Cc:** Harman, Victoria <VHARMAN@FraserStryker.com>; Baldridge, Alyssa <abaldridge@FraserStryker.com>; Mickelson, Heidi <hmickelson@fraserstryker.com>
**Subject:** [EXTERNAL] RE: Enforcement of CIDs 25-689, 25-690, 25-691, and 25-943

Good Morning Counsel,

Paige and I just attempted to call you. Please give us a call when you have a moment.

Sincerely,

*Shereece Dendy-Sanders*
**Assistant United States Attorney**
**District of Nebraska, Civil Division**
United States Attorney's Office
District of Nebraska
1620 Dodge Street, Suite 1400
Omaha, NE  68102-1506
**Office:** 402.661.3700 | **direct:** 402.661.3736
**fax:** 402.661.3081 | **email:** shereece.dendy-sanders@usdoj.gov

**From:** Duffy, Michael <mduffy@FraserStryker.com>
**Sent:** Monday, June 22, 2026 4:31 PM
**To:** Ammons, Paige P (CIV) <Paige.Ammons@usdoj.gov>

**Cc:** Dendy-Sanders, Shereece (USANE) <Shereece.Dendy-Sanders@usdoj.gov>; Harman, Victoria <VHARMAN@FraserStryker.com>; Baldridge, Alyssa <abaldridge@FraserStryker.com>; Mickelson, Heidi <hmickelson@fraserstryker.com>
**Subject:** [EXTERNAL] RE: Enforcement of CIDs 25-689, 25-690, 25-691, and 25-943

We don't appear to be communicating very well. We request a meet and confer discussion over the phone or video on the following topics:

1. Our objection to the Government's inability to take a position on the advice of counsel defense, despite the evidence already in possession of the government;
2. Our objection to the government declining to provide the basis for the need for further discovery on the advice of counsel defense;
3. Our objection to the topics in the CIDs that are outside the scope of any reasonable follow up questions on the advice of counsel defense;
4. Our objection to the need for a deposition instead of proceeding with supplemental written discovery on limited areas involving the advice of counsel defense; and
5. Our objection to conducting the depositions in person at the U.S. Attorney's Office. Two out of the three witnesses are in their mid-70s, they do not live in Lincoln or Omaha, and, assuming the primary DOJ attorney will conduct the questions remotely via video from DC, there is no legitimate reason why the witnesses could not participate via video.

Please let us know if you are willing to have a meet and confer on these issues.

**Michael B. Duffy**
Attorney

**DIRECT:** 402.978.5332     **CELL:** 205.422.6090

**EMAIL:** mduffy@fraserstryker.com     Visit my bio



Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
fraserstryker.com

The information contained in this message is confidential and may be attorney-client privileged. It is intended only for the use of the individual or entity identified above. If the receiver of this message is not the intended recipient, you are hereby notified that reading, distribution, use, or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender by replying to the address noted above and delete the message.

**From:** Ammons, Paige P (CIV) <Paige.Ammons@usdoj.gov>
**Sent:** Wednesday, June 17, 2026 3:39 PM
**To:** Duffy, Michael <mduffy@FraserStryker.com>
**Cc:** Dendy-Sanders, Shereece (USANE) <Shereece.Dendy-Sanders@usdoj.gov>; Harman, Victoria

<VHARMAN@FraserStryker.com>; Baldridge, Alyssa <abaldridge@FraserStryker.com>; Mickelson, Heidi <hmickelson@fraserstryker.com>
**Subject:** [EXTERNAL] RE: Enforcement of CIDs 25-689, 25-690, 25-691, and 25-943

Mr. Duffy,

We disagree with your characterizations of the meet and confer process thus far.  We stated the good faith basis for our investigation and our CIDs numerous times: DOJ is conducting an FCA investigation into the PPP loans obtained by the Younes Businesses, and we are seeking testimony related to obtaining the loans and forgiveness. The testimony will allow us to adequately evaluate the advice of counsel defense raised in September 2025 and assess potential FCA liability. Likewise, we have heard your reason for noncompliance, and we do not agree that it is a valid basis for noncompliance. Your June 15, 2026 email and today's email contain assertions to the contrary that we have previously addressed and/or disagree with. Therefore, we believe we are at an impasse such that judicial enforcement of the CIDs is required.

However, to avoid any confusion, we will address your questions, many of which we have already answered, below:

1. Does the government accept or reject the advice of counsel defense?
   The United States accepts that, on September 2, 2025, your clients asserted the advice of counsel defense for the first time, a year and a half into the investigation.  The United States diligently began gathering evidence to evaluate that defense, until your clients blocked the United States from continuing to do so by refusing to comply with the CIDs.  Thus, the United States is still evaluating the defense and FCA liability.

2. If you are rejecting it, then what is the basis for the rejection?
   This question is not applicable because the United States has not rejected the defense and is still evaluating it.

3. If you believe you need more information in order to accept or reject, then what additional evidence do you need beyond what has already been provided that is necessary for you to evaluate the advice of counsel defense?
   The United States needs more information to evaluate the defense, including testimony from the individuals involved in the PPP loans and the advice, as well as the lawyer that was consulted.

4. If you do have further questions for the Younes family about the advice of counsel defense, then what questions do you have?
   Given that your clients have refused to comply with the CIDs, all of the United States' questions to your clients about the advice of counsel

> defense remain unanswered.

5. If you do have additional questions, then why is an unlimited deposition necessary?

> The CID testimony will be limited to the topics outlined in the CID.

6. Instead, why have you not issued supplemental interrogatories in the past six months for them to answer on that topic?

> The United States is not required to use any particular investigatory tool, and interrogatories are not a replacement for CID testimony. Here, the United States believes CID testimony is the most efficient and effective way, if not the only way, to collect the information it needs to assess FCA liability in this case.

7. If you believe a deposition is necessary, then would the government agree to a limited video deposition to ask questions regarding only the advice of counsel defense?

> As stated above, the CIDs already limit the topics to be covered in the testimony. The United States cannot agree to conduct the testimony over video, but if the concern is travel to Omaha, we can consider moving the testimony to the United States Attorney's Office in Lincoln.

As stated above, the United States believes that our prior conversations, correspondence, and written emails have satisfied the meet and confer obligation by establishing that we have a fundamental disagreement about the enforceability of the CIDs, such that the United States must seek judicial enforcement. However, if your clients have changed their mind about complying, please let us know by June 22, 2026 at 5 pm EST.

**Paige Ammons** | Trial Attorney
Civil Fraud Section, U.S. Department of Justice
Office: (202) 307-0198 | Cell: (202) 436-6818
175 N St. NE, Washington, DC 20002



**From:** Duffy, Michael <mduffy@FraserStryker.com>
**Sent:** Wednesday, June 17, 2026 10:56 AM
**To:** Ammons, Paige P (CIV) <Paige.Ammons@usdoj.gov>
**Cc:** Dendy-Sanders, Shereece (USANE) <Shereece.Dendy-Sanders@usdoj.gov>; Harman, Victoria <VHARMAN@FraserStryker.com>; Baldridge, Alyssa <abaldridge@FraserStryker.com>; Mickelson,

Heidi <hmickelson@fraserstryker.com>
**Subject:** [EXTERNAL] RE: Enforcement of CIDs 25-689, 25-690, 25-691, and 25-943

The Government's investigation is governed by the Federal Rules of Civil Procedure. You are required to have a good faith basis to utilize a discovery device, including depositions. We object to these depositions because we do not believe you have a good faith basis. To date, you have not provided one.

You are also required to meet and confer regarding our objections. You have declined to do so thus far.

You have already taken an extensive examination of the attorney that gave the advice to the Younes family. You also have the discovery responses from the Younes that they followed the advice.  You have also had six months to evaluate this evidence. The Government should have a position on whether they accept or reject this defense.

These are the questions we are asking you to answer in response to our objections:

1. Does the government accept or reject the advice of counsel defense?
2. If you are rejecting it, then what is the basis for the rejection?
3. If you believe you need more information in order to accept or reject, then what additional evidence do you need beyond what has already been provided that is necessary for you to evaluate the advice of counsel defense?
4. If you do have further questions for the Younes family about the advice of counsel defense, then what questions do you have?
5. If you do have additional questions, then why is an unlimited deposition necessary?
6. Instead, why have you not issued supplemental interrogatories in the past six months for them to answer on that topic?
7. If you believe a deposition is necessary, then would the government agree to a limited video deposition to ask questions regarding only the advice of counsel defense?

If you can't answer these basic questions, then that does not satisfy the meet and confer requirement and your petition to enforce the CIDs would be improper.


**Michael B. Duffy**
Attorney

**DIRECT:** 402.978.5332    **CELL:** 205.422.6090

**EMAIL:** mduffy@fraserstryker.com    Visit my bio

Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
fraserstryker.com

The information contained in this message is confidential and may be attorney-client privileged. It is intended only for the use of the individual or entity identified above. If the receiver of this message is not the intended recipient, you are hereby notified that reading, distribution, use, or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender by replying to the address noted above and delete the message.

**From:** Ammons, Paige P (CIV) <Paige.Ammons@usdoj.gov>
**Sent:** Tuesday, June 16, 2026 5:18 PM
**To:** Duffy, Michael <mduffy@FraserStryker.com>
**Cc:** Dendy-Sanders, Shereece (USANE) <Shereece.Dendy-Sanders@usdoj.gov>; Harman, Victoria <VHARMAN@FraserStryker.com>; Baldridge, Alyssa <abaldridge@FraserStryker.com>; Mickelson, Heidi <hmickelson@fraserstryker.com>
**Subject:** [EXTERNAL] RE: Enforcement of CIDs 25-689, 25-690, 25-691, and 25-943

Mr. Duffy,

Your email contains several misunderstandings.  First, our discussions and communications in early December 2025 were clear that we had a good faith basis for continuing our investigation and if your clients refused to comply with the CIDs for oral testimony, we intended to start the process of seeking authority to enforce the CIDs.  Specifically, in our December 2, 2025 email, we stated "If your clients will not appear the Government reserves all rights as to how to proceed, including seeking to enforce the CIDs." We are prepared to file, but we feel strongly that judicial enforcement is unnecessary in a straightforward case like this, which is why we made one last effort to meet and confer with you as to whether your clients changed their position about testifying. In the 8th Circuit, enforcement of an administrative subpoena is proper if: "(1) issued pursuant to lawful authority, (2) for a lawful purpose, (3) requesting information relevant to the lawful purpose, and (4) the information sought is not unreasonable."  *U.S. v. Whispering Oaks Residential Care Facility, LLC*, 673 F.3d 813, 817 (8th Cir., 2012) (quoting *Fresenius Med. Care v. United States*, 526 F.3d 372, 375 (8th Cir. 2008)).  Each of those elements is met here.

Second, we have not "reject[ed]" your advice of counsel defense.  We are conducting an FCA *investigation* – not litigation – regarding potential false claims related to PPP loans, and we are currently *evaluating* the advice of counsel defense that your clients first raised on September 2, 2025, a year and a half after receiving the initial CIDs, and need more information to complete our evaluation.  After first learning of the defense, the United States started gathering information to assess the defense, but within two

months, your clients refused to comply with the properly-issued CIDs, essentially blocking the United States from gathering the information necessary to evaluate the defense.  Although we have received documents and testimony from one attorney and a supplemental interrogatory response from your clients on December 19, which added new facts about the defense, we have not had an opportunity to examine your clients about any of the documents, any of the interrogatory responses they produced, or any of the new facts about the legal advice they purportedly received or gave. Thus, the United States has far from a complete picture and certainly has not "completely plowed the field on the advice of counsel defense."

Third, we have made our view that we need more information in order to evaluate the defense abundantly clear, both orally and in our December 11, 2025 letter: "The Government must adequately evaluate [the advice of counsel] defense and cannot simply accept the defense at face-value or based on a single witness's testimony."  Your suggestion that the United States has refused to provide our position on the advice of counsel is surprising, given the very clear statement in our last correspondence with you.

In light of these misunderstandings and our clarifications, please let us know if your clients will reconsider their noncompliance and will agree to sit for testimony.  If yes, we will not file our petition and we can go forward with a call with you and Ms. Mickelson on June 29 to discuss logistics.  If no, we ask that you let us know by Monday, June 22 so that we can seek judicial enforcement of the CIDs.

**Paige Ammons** | Trial Attorney
Civil Fraud Section, U.S. Department of Justice
Office: (202) 307-0198 | Cell: (202) 436-6818
175 N St. NE, Washington, DC 20002



---

**From:** Duffy, Michael <mduffy@FraserStryker.com>
**Sent:** Monday, June 15, 2026 2:08 PM
**To:** Ammons, Paige P (CIV) <Paige.Ammons@usdoj.gov>
**Cc:** Dendy-Sanders, Shereece (USANE) <Shereece.Dendy-Sanders@usdoj.gov>; Harman, Victoria <VHARMAN@FraserStryker.com>; Baldridge, Alyssa <abaldridge@FraserStryker.com>; Mickelson, Heidi <hmickelson@fraserstryker.com>
**Subject:** [EXTERNAL] RE: Enforcement of CIDs 25-689, 25-690, 25-691, and 25-943

Paige –

We haven't heard from you on this matter since December 11, 2025. At that time, you declined to meet and confer on what the good faith basis the government has for continuing its investigation. Six months later you now have an unexplained request to renew the meet and confer process. And you gave us an arbitrary and unilateral deadline that was never agreed upon by the parties.

I would also note that you could have simply provided a written substantive response to our reasonable questions about the need to continue investigating in light of the evidence you have on the advice of counsel defense. This includes the lengthy deposition testimony from the Younes' attorney on November 20, 2025 and supplemental discovery responses from the Younes family (served December 19, 2025). In short, you have the advice that was provided by the attorney to the Younes' family and their statements that they followed this advice. We still do not know what the government's position on this defense is at this time.

From our perspective, the government has no good faith basis to proceed with discovery. We have completely plowed the field on the advice of counsel defense. There is nothing more to do there. If the government accepts this defense, then the investigation is over.

But the government's insistence to proceed with discovery into *other* matters cannot proceed unless and until the government explains the basis for rejecting the defense. Over the last six months, you have refused to provide the government's position on this relatively straightforward issue. Is the government now willing to do so?

As for scheduling a call, Heidi is now out of the office until Friday, June 26. The earliest we can both meet with you is now Monday, June 29.

I am not available today or tomorrow and have a mediation scheduled for Wednesday. The earliest I can meet with you now is June 25.

Please let me know when you would like to schedule a call.

**Michael B. Duffy**
Attorney

**DIRECT:** 402.978.5332    **CELL:** 205.422.6090

**EMAIL:** mduffy@fraserstryker.com    Visit my bio