IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL YOUNES, LINDA YOUNES, and MARGARITA YOUNES-HOLZ,<br><br>Defendants. | ) | Case No. 8:26-cv-00310<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PETITION TO ENFORCE OR TO MODIFY OR SET ASIDE THE DEMAND** |

## INTRODUCTION

The government has gone too far, and the Court's intervention is now needed. The United States of America (hereinafter, the "United States") continues to selectively apply the law in support of its position against Defendants Paul Younes, Linda Younes, and Margarita Younes-Holz (collectively, the "Younes") while disregarding other binding law, specifically the Federal Rules of Civil Procedure, throughout its investigation and now in its Petition for Summary Enforcement (Filing No. 1). Under 31 U.S.C. § 3733, the United States is required to comply with the Federal Rules of Civil Procedure when a Civil Investigative Demand ("CID") is issued under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–3733, and throughout judicial proceedings concerning the enforcement of an FCA CID when it is consistent with 31 U.S.C. § 3733. The United States' Opposition to Defendant's Motion to Dismiss Petition to Enforce or To Modify or Set Aside the Demand ("Pltf. Opp. To Mot. To Dismiss") (Filing No. 26) repeatedly fails to acknowledge that the United States is not only bound to comply bound by 31 U.S.C. § 3733 but also the Federal Rules of Civil Procedure. The United States cannot continue its pursuit to enforce CID Nos. 25-689, 25-690, and 25-691 when such enforcement is wholly unreasonable and irrelevant given the Federal Rules of Civil Procedure. Further, the United States' conduct has

demonstrated that it is on a fishing expedition against the Younes, and the enforcement of CID Nos. 25-689, 25-690, and 25-691 would amount to an abuse of the Court's process.

The United States is not authorized to act without limits. The Younes have attempted to protect themselves and meet and confer with the United States. However, such efforts have been unsuccessful. The Younes now require protection from the Court to prevent from being further subjected to an unreasonable investigation by the United States. Therefore, with the United States failing to act within its authority permitted under 31 U.S.C. § 3733 and the Federal Rules of Civil Procedure, the Younes respectfully request the Court to dismiss the United States' Petition for Summary Enforcement or to modify or set aside CID Nos. 25-689, 25-690, and 25-691.

## ARGUMENT

### I. The United States Must Abide by and Apply the Federal Rules of Civil Procedure for the Enforcement of CID Nos. 25-689, 25-690, and 25-691.

The United States cannot ignore the Federal Rules of Civil Procedure. Even though 31 U.S.C. § 3733 is the primary statute regarding FCA CIDs, that is not the only legal framework governing these circumstances. The statute, 31 U.S.C. § 3733, explicitly states that the standards set forth in the Federal Rules of Civil Procedure will apply to the issuance of an FCA CID and to judicial proceedings for the enforcement of a CID so long as it is consistent with 31 U.S.C. § 3733. *See* 31 U.S.C. § 3733(b)(2) (stating that the standards applicable to discovery requests under Federal Rules of Civil Procedure apply to the scope of the information sought under a FCA CID); 31 U.S.C. § 3733(j)(6) (stating that Federal Rules of Civil Procedure apply to any judicial proceedings initiated by a petition under 31 U.S.C. § 3733(j)).

The United States fails to mention any Federal Rule of Civil Procedure in their Opposition to Defendant's Motion to Dismiss Petition to Enforce or To Modify or Set Aside the Demand. (*See* Filing No. 26, Pltf. Opp. To Mot. To Dismiss). Specifically, the United States has failed to

apply or even acknowledge the Federal Rules of Civil Procedure in its argument related to: (1) its application of the twenty (20) day deadline under 31 U.S.C. § 3733(j)(2) in relation to the parties' meet and confer obligations; and (2) the cumulative and duplicative nature of the testimony sought in CID Nos. 25-689, 25-690, and 25-691. (Filing No. 26, Pltf. Opp. To Mot. To Dismiss, pgs. 3-7, 10-13). The United States cannot only apply favorable law to these arguments without mentioning the relevant standards under the Federal Rules of Civil Procedure. *See* 31 U.S.C. § 3733(b)(2); 31 U.S.C. § 3733(j)(6); *see also United States v. Witmer*, 835 F. Supp. 208, 219 (M.D. Pa. 1993), *aff'd*, 30 F.3d 1489 (3d Cir. 1994) (citing both 31 U.S.C. § 3733(a)(1) and Fed. R. Civ. P. 26(b)(1) as the governing standards for the relevance of documents demanded in an FCA CID); *Aluminum Co. of Am. v. U.S. Dep't of Just., Antitrust Div.*, 444 F. Supp. 1342, 1346 (D.D.C. 1978) (holding that a court had the authority to issue a protective order pursuant to Fed. R. Civ. Pro. 26(c) in a proceeding related to a CID under the antitrust CID statute).

**A. The Younes' Motion to Dismiss Petition to Enforce or to Modify or Set Aside the Demand was Filed Timely Given the Federal Rules of Civil Procedure.**

The twenty (20) day deadline pursuant to 31 U.S.C. § 3733(j)(2) should not be applied to the Younes' Motion to Dismiss or To Modify or Set Aside without considering the parties' meet and confer obligations under the Federal Rules of Civil Procedure. Under the Federal Rules of Civil Procedure, the parties **must** meet and confer on any objections regarding discovery requests prior to seeking court intervention. *See* Fed. R. Civ. Pro. 26 and 37. A similar standard has also been applied to administrative subpoenas in other contexts. *See In re Subpoena Duces Tecum*, 228 F.3d 341, 349 (4th Cir. 2000) ("[B]efore a court will conclude that a subpoena is 'arbitrarily excessive,' it may expect the person served 'to have made reasonable efforts ... to obtain reasonable conditions' from the government.") (quoting *United States v. Morton Salt Co.,* 338 U.S. 632, 653,

70 S. Ct. 357, 369, 94 L. Ed. 401 (1950)); *Doe v. United States*, 253 F.3d 256, 268–69 (6th Cir. 2001) (rejecting an undue burden claim in part because the recipient "made no attempt to reach a reasonable accommodation with the government."). Therefore, the parties were required to meet and confer prior to the Younes requesting court intervention.

The Younes began the meet and confer process and sent informal objections to the United States **seven (7) days** after the CIDs were issued. (*See* Filing No. 17, Affidavit of Michael Duffy ("Duffy Aff."), ¶ 12, Exhibit G, pg. 12). The parties were still meeting and conferring regarding the scope and format of CID Nos. 25-689, 25-690, and 25-691 well beyond the twenty (20) days after such CIDs were issued. (*See* Filing No. 17, Duffy Aff., ¶¶ 26-58). At the time the United States filed its Petition, the United States' obligation to meet and confer was not satisfied. (*See* Filing No. 17, Duffy Aff., ¶¶ 50-58). Hence, prior to the filing of the Petition, the Younes were still fulfilling their meet and confer obligations under the Federal Rules of Procedure, and it was not appropriate to seek judicial intervention. Once the United States filed its Petition, the Younes had no choice but to seek court intervention by filing Defendants' Motion to Dismiss Petition to Enforce or to Modify or Set Aside the Demand and Opposition to Plaintiff's Petition for Summary Enforcement of CID Nos. 25-689, 25-690, 25-691 (*See* Filing Nos. 20 and 21). It is unreasonable for the United States to hold the Younes to a twenty (20) day deadline to seek judicial intervention when the parties were still bound to their meet and confer obligations pursuant to the Federal Rules of Civil Procedure. This inconsistency from the United States is a prime example of the United States cherry-picking the law only when it is favorable.

Nonetheless, 31 U.S.C. § 3733 does not explicitly state that the failure to file a petition to modify or set aside within the twenty (20) day deadline precludes a recipient of a CID from objecting to its enforcement when the United States files a petition and initiates proceedings itself

under 31 U.S.C. § 3733(j)(1). In *United States v. Seitz*, the court considered the merits of an FCA CID recipient's objections to a CID even though the recipient did not file a petition to set it aside within the time limits provided by 31 U.S.C. § 3733(j)(2). No. MS2-93-063, 1993 WL 501817, at *7 (S.D. Ohio Aug. 26, 1993), *aff'd*, 53 F.3d 332 (6th Cir. 1995). Therefore, the Younes' Motion to Dismiss Petition to Enforce or to Modify or Set Aside the Demand should not be outright barred or dismissed.

Regardless, Defendants' Motion to Dismiss or to Modify or Set Aside is a responsive pleading to the United States' Petition. Pursuant to Federal Rule of Civil Procedure 12(a), a party must serve a responsive pleading within 60 days after the request for a waiver of service under Rule 4(d) was sent. Defendants' Motion to Dismiss or to Modify or Set Aside was timely filed within that time period. Therefore, considering the Federal Rules of Civil Procedures related to the parties' obligations to meet and confer and the timely filing of a responsive pleading, the Younes respectfully request the Court to consider the merits of the Younes' Motion to Dismiss Petition to Enforce or to Modify or Set Aside the Demand.

**B. The United States Fails to Establish How CID Nos. 25-689, 25-690, 25-691 Are Not Cumulative or Duplicative Under the Federal Rules of Civil Procedure.**

The deposition topics set forth in CID Nos. 25-689, 25-690, and 25-691 include the following: (1) The Younes' ownership and operation of the Younes' Businesses; (2) Paul Younes's guilty plea to a misdemeanor and probationary status; (3) the Younes' PPP applications; and (4) the Younes Businesses' eligibility for PPP loans (collectively, the "Younes' Deposition Topics"). (Filing No. 17, Duffy Aff., Exhibits W, X, and Y). The United States fails to address how the Younes' Deposition Topics are not cumulative or duplicative specifically under the Federal Rules of Civil Procedure. (Filing No. 26, Pltf. Opp. To Mot. To Dismiss, pgs. 4-8). Rather, the United States merely relies on its authority granted in 31 U.S.C. § 3733(a)(2)(G) to be able to issue

cumulative and duplicative discovery requests. **(**Filing No. 26, Pltf. Opp. To Mot. To Dismiss, pgs. 4-8). Under the Federal Rules of Civil Procedure, the Younes' Deposition Topics are cumulative and duplicative given the amount of evidence the United States is in possession of. The United States cannot ignore such evidence in their requests for the Younes' testimony. Therefore, the Younes' Deposition Topics are not proportional to the needs of the case under the Federal Rules of Civil Procedure given the current status of the United States' investigation.

**i. The Authority Granted to the United States under 31 U.S.C. § 3733(a)(2)(G) is Insufficient to Allow the United States to Enforce Cumulative and Duplicative CIDs.**

The United States fails to apply the Federal Rules of Civil Procedure when considering its authority to request cumulative and duplicative discovery. The United States attempts to contend that its ability to take testimony from the same witness multiple times through 31 U.S.C. § 3733(a)(2)(G) provides a sufficient justification to obtain oral testimony on the Younes' Deposition Topics that have been exhausted throughout the United States's investigation. However, the United States fails to point out that its authority under 31 U.S.C. § 3733(a)(2)(G) may only be exercised when it is considered "**necessary**." (emphasis added). **(**Filing No. 26, Pltf. Opp. To Mot. To Dismiss, pgs. 4-8). Further, it fails to acknowledge how the Federal Rules of Civil Procedure coincide with this rule. **(**Filing No. 26, Pltf. Opp. To Mot. To Dismiss, pgs. 4-8).

Contrary to the United States' implication that it can question and investigate the Younes without meaningful limitation, "[t]he Government does not have carte blanche authority to question anyone at any time for any reason – even in FCA cases," despite "its discretion [being] broad at this investigatory stage." *Life Chiropractic Ctr., P.A. v. United States*, No. 2:24-CV-00503-DCN, 2025 WL 1883734, at *4 (D. Idaho July 7, 2025). Moreover, the United States is not afforded "unfettered authority to cast about for potential wrongdoing...." *Consumer Fin. Prot.*

*Bureau v. Accrediting Council for Indep. Colleges & Schs.*, 854 F.3d 683, 689 (D.C. Cir. 2017) (quoting *In re Sealed Case (Admin. Subpoena)*, 42 F.3d 1412, 1418 (D.C. Cir. 1994)). Therefore, the United States is still required to comply with the standards under the Federal Rules of Civil Procedure regarding the scope of CID Nos. 25-689, 25-690, 25-691. *See* 31 U.S.C. § 3733(b)(1); *see also Aluminum Co. of Am. v. U.S. Dep't of Just., Antitrust Div.*, 444 F. Supp. 1342, 1346 (D.D.C. 1978) (discussing the incorporation of the Federal Rules of Civil Procedure into the Antitrust CID statute was done for the purpose to protect CID recipients).

Under Fed. R. Civ. Pro. 26(b)(2), the Court has a duty to limit the scope and/or format of a discovery request if there is a determination that the proposed discovery is unreasonably duplicative or cumulative, there was ample opportunity to obtain such discovery, or the requested discovery is outside the scope permitted by Rule 26(b)(1). Courts have held that Rule 26(b)(2) does **"not call for counsel to undertake complex analysis**." *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 73 (D. Conn. 2010) (quoting 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2008.1 (3d ed.2010) (emphasis added)). Rather, "the court will consider the specific facts of the case to make a common sense decision about whether or not the discovery in question goes too far." *Id.* This is the standard the Court should look to to determine and find that CID Nos. 25-689, 25-690, 25-691 are duplicative and cumulative based on the Federal Rules of Civil Procedure, and thus, such CIDs were issued outside of the United States' given authority.

**ii. The Younes' Deposition Topics are Cumulative and Duplicative Because These Topics Have Been Exhaustively Covered in the United States' Investigation.**

Courts have limited the scope of depositions topics and even quashed entire deposition topics on the grounds of being unreasonably duplicative and cumulative when substantial documentation or other discovery has been obtained on such topics. *See Dongguk Univ.*, 270 F.R.D. at 74-79 (eliminating and limiting the scope of 30(b)(6) deposition topics where

documentation and other discovery has been obtained regarding those same topics on the basis that such deposition topics were unreasonably cumulative and duplicative). Accordingly, it is not necessary for the Younes to have provided interviews or testimony to assert that the deposition topics are duplicative or cumulative. (Filing No. 26, Pltf. Opp. To Mot. To Dismiss, pg.6).

The United States asserts that "**all of the CID topics** are relevant and **remain unanswered**". (Filing No. 26, Pltf. Opp. To Mot. To Dismiss, pg. 5) (emphasis added). However, this contention implies that the United States is deliberately refusing to recognize the substantial amount of evidence it has been provided in this investigation. The United States does not dispute that it is in possession of at least thousands of documents for its investigation. (Filing No. 29, Declaration of Shereece Dendy-Sanders, ¶¶ 5-6; Filing No. 26, Pltf. Opp. To Mot. To Dismiss, pg. 7). However, the United States notably fails to address that it has collected evidence over the specific Younes' Deposition Topics. **(**Filing No. 26, Pltf. Opp. To Mot. To Dismiss, pgs. 4-8). Therefore, it is important to highlight the following previous CID discovery requests in comparison to the Younes' Deposition Topics:

(a) Interrogatory Nos. 1-4 and Request for Documents Nos. 1-3 sent to Paul Younes, Linda Younes, and Younes Hospitality Inc. via CID Nos. 24-121, 24-122, and 24-123 cover the deposition topics related to the Younes Businesses' ownership and organization structure. (*See* Filing No. 17, Duffy Aff., Exhibits A, B, C, D-1, D-2, D-3, and E).

(b) Interrogatory Nos. 5-10 and Request for Production Nos. 4-11 sent to Paul Younes, Linda Younes, and Younes Hospitality Inc. via CID Nos. 24-121, 24-122, and 24-123 cover the deposition topics related to the Younes Businesses' eligibility for PPP loans and the process for obtaining such loans. (*See* Filing No. 17, Duffy Aff., Exhibits A, B, C, D-1, D-2, D-3, and E).

(c) CID Nos. 25-942 and 25-943 issued to Mr. Simpson and Mr. Forney respectively for oral testimony include extremely similar deposition topics as the deposition topics at issue in this matter to the Younes. (*See* Filing No. 17, Duffy Aff., Exhibits Z and AA).

The United States cannot ignore the evidence it has obtained in its investigation, especially when there is a substantial amount covering the Younes' Deposition Topics—including sworn testimony by two of the Younes' attorneys. Under the standards set forth in the Federal Rules of Civil Procedure, there is good cause for the Court to quash the Younes' Deposition Topics because they are unreasonably cumulative and duplicative. The United States has not provided any authority under the Federal Rules of Civil Procedure for why the Younes' Deposition Topics are not cumulative or duplicative. Thus, the Court should dismiss the Petition and quash the CIDs, or in the alternative, limit the scope of the deposition topics to the advice of the counsel defense.

**iii. The Cumulative and Duplicative Nature of CID Nos. 25-689, 25-690, and 25-691 Plus the Burden Placed on the Younes Outweighs the Purported Benefit of the Younes' Testimony and Therefore, Such Requests are Not Proportional to the Needs of the Case.**

The United States fails to provide any reasonable benefit to outweigh the burden placed on the Younes given the duplicative and cumulative nature of CID Nos. 25-689, 25-690, and 25-691. The United States' purported need for the Younes' deposition testimony is because the Younes are "the key figures in the United States' investigation." (Filing No. 26, Pltf. Opp. To Mot. To Dismiss, pg. 2). Nonetheless, the Younes are still afforded protections under the Federal Rules of Civil Procedures under 31 U.S.C. § 3733. *See also Aluminum Co. of Am. v. U.S. Dep't of Just., Antitrust Div.*, 444 F. Supp. 1342, 1346 (D.D.C. 1978) (discussing the incorporation of the Federal Rules of Civil Procedure into the Antitrust CID statute to provide greater protections to CID recipients). Therefore, the United States cannot issue CIDs that are unreasonably cumulative and duplicative under the Federal Rules of Civil Procedure on the basis that the United States wants to do so.

Furthermore, the burden on the Younes outweighs the purported benefit the United States would receive. The United States asserts that its agreement to travel to Kearney, Nebraska for the testimony eliminates the cost and travel burden on the Younes. (Filing No. 26, Pltf. Opp. To Mot. To Dismiss, pg. 8). However, those are not the only burdens placed on the Younes. The Younes' burden also encompasses the United States' failure to explain either why it cannot accept the advice of counsel defense or why in-person testimony is necessary to obtain the information it purportedly seeks.

First, the United States' refusal to take a position on the advice of counsel defense places an undue burden on the Younes because it inhibits their ability to protect themselves under the Federal Rules of Civil Procedure. The purpose of discovery is "to narrow the issues, to eliminate surprise, and to achieve substantial justice." *Greyhound Lines, Inc. v. Miller*, 402 F.2d 134, 143 (8th Cir. 1968). The advice of counsel defense is directly correlated to the permissible scope of discovery. *See* Fed. R. Civ. Pro. 26(b). Without any direct answers from the United States regarding the advice of counsel defense, the Younes are left to guess and speculate about what the United States needs to decide on such defense. Furthermore, with no determination on the advice of counsel defense, the scope of discovery remains undefined, and the Younes are unable to ascertain how, or to what extent, they are protected under the Federal Rules of Civil Procedure. The United States' refusal to make a determination on the advice of counsel defense has caused uncertainty that is not only is contrary to the purpose of discovery but also prejudicial to the Younes' ability to protect themselves under the Federal Rules of Civil Procedure. Therefore, the United States' refusal to take a position on the advice of counsel has placed an undue burden on the Younes.

Moreover, the United States cannot demand in-person testimony and impose **undue** burden on the Younes merely because it wants to. Federal Rules of Civil Procedure 26(b) requires that discovery requests need to be proportional to the needs of the case. The United States has less burdensome discovery methods, such as additional interrogatories or requests for production of documents, available to obtain any further information it needs on certain topics related to the advice of counsel defense that have not already been covered in its investigation. No explanation has been provided for why written discovery on such topics would be impracticable. The United States' attempt to subject the Younes to a more burdensome discovery method, when there are feasible and less burdensome alternatives available, places an **undue** burden on the Younes, and such testimony is not proportional to the needs of the case.

For these reasons, the burden on the Younes has not been eliminated and still outweighs the United States' purported need for the testimony considering the evidence the United States is in possession of. Therefore, the Court should find that the sought deposition testimony is not proportional to the needs of the case pursuant to the Federal Rules of Civil Procedure and should, therefore, dismiss the Petition and quash the CIDs.

Overall, the United States has failed to establish a prima facie case for enforcement of CID Nos. 25-689, 25-690, and 25-691 because such CIDs are unreasonable and irrelevant due to their cumulative duplicative nature under the Federal Rules of Civil Procedure. The United States cannot disregard the Federal Rules of Civil Procedure and attempt to distract the Court with other arguments, such as the Younes' unreasonableness argument being limited to testimony "Outside the Scope of the Advice of Counsel Defense" or that it did not have ample opportunity to obtain testimony of the Younes. (Filing No. 26, Pltf. Opp. To Mot. To Dismiss, pgs. 4-5, 7). The Younes' unreasonableness argument is relevant to all of the Younes' testimony, and the Younes including

support for their alternative relief should not be construed as waiving or limiting the Younes' unreasonableness argument to testimony "outside the scope of the advice of counsel defense." (*See* Filing No. 21, pg. 3). Moreover, the United States failed to initiate any further meet and confers for six (6) months to work towards obtaining the testimony of the Younes, and therefore, had an ample amount of time to work with the Younes' counsel to obtain the Younes' testimony. (*See* Filing No. 17, Duffy Aff., ¶¶ 48-50). Therefore, the Court should dismiss the United States' Petition.

## II. The United States' Conduct in this Investigation Indicates an Improper Purpose and Enforcement Would Amount to an Abuse of the Court's Process.

The Court is not to serve as "rubber stamp" for agency demands. *United States v. Markwood*, 48 F.3d 969, 976 (6th Cir. 1995). The United States attempts to highlight the deference courts afford agencies with CIDs; however, such deference does not "eviscerate the independent role which the federal courts play in subpoena enforcement proceedings." *Consumer Fin. Prot. Bureau v. Accrediting Council for Indep. Colleges & Schs.*, 854 F.3d 683, 689 (D.C. Cir. 2017) (omitting quotations and citations). "[T]he United States Department of Justice ("DOJ") possesses immense prosecutorial authority and discretion. As citizens, we trust that federal prosecutors, when wielding this awesome power against a state, a company, or [individuals], will play fair and be honest with its counterparts and the judiciary." *In re Admin. Subpoena 25-1431-032 to Rhode Island Hosp.*, 836 F. Supp. 3d 459, 463 (D.R.I. 2026). However, that has not been the case in this matter, and the Court's intervention is needed to protect the interests of the Younes. If the Court were to enforce CID Nos. 25-689, 25-690, and 25-691, such enforcement would be an abuse of the Court's process because the United States' actions establish a fishing expedition against the Younes.

**A. The United States' Conduct, Including Its Failures to Meet and Confer, Failure to Consider the Burden of the Younes, and the Unnecessary Delay in this Investigation, Taken Together Constitute an Improper Purpose.**

The United States argues that the Younes have not set forth an adequate "improper purpose" to render enforcement as an abuse of the Court's process. (Filing No. 26, Pltf. Opp. To Mot. To Dismiss, pgs. 8-9). However, the United States does not provide any authority to support that repeated failures to meet and confer, the failure to consider the burden of the Younes, and the unnecessary delay in this investigation have been specifically rejected as an improper purpose. "As a corollary to a court's inherent authority to police the integrity of its processes, a court may recognize and proscribe novel 'improper purposes' in the first instance." *QueerDoc, PLLC v. DOJ - United States Dep't of Just.*, No. 25-7384, 2026 WL 2359440, at *8 (9th Cir. Aug. 14, 2026) (citing *Sec. & Exch. Comm'n v. Wheeling-Pittsburgh Steel Corp.*, 648 F.2d 118, 124 (3d Cir. 1981) ("[Just] because the Supreme Court has never confronted allegations like the ones before us does not mean that the federal judiciary is powerless to structure relief ....")). Therefore, the Court should consider the United States' failure to meet and confer, failure to consider the Younes' burden, and the unnecessary delay in this investigation, taken together, as sufficient to constitute an improper purpose.

Regardless, it is clearly an improper purpose for the United States to utilize an investigation to go on a fishing expedition. *In re Subpoena Duces Tecum No. 25-1431-016*, No. 2:25-MC-00041-JHC, 2026 WL 1102159, at *4 (W.D. Wash. Apr. 23, 2026). In other words, the United States cannot use an administrative subpoena to gather as much information about a CID recipient with only "an idle hope" of discovering information related to the alleged violation at the center of the investigation. *See In re Dep't of Just. Admin. Subpoena No. 25-1431-030*, No. 25-MC-00063-SKC-CYC, 2026 WL 33398, at *6 (D. Colo. Jan. 5, 2026) (finding that the government's proffered purpose of investigating violations of the FDCA was pretextual because the subpoena's

broad request to a CID recipient appeared to be determined to gather as much information about the CID recipient with only "an 'idle hope' of discovering information related to a federal healthcare offense") (omitting quotations and citations). The United States' continued attempts to obtain the deposition testimony of the Younes without any clarification on what information it seeks from the Younes to be able to evaluate the advice of counsel defense indicates that the United States is using this request for the Younes' testimony to obtain as much information about the Younes without any likelihood of discovering any **new** information to assist in its evaluation. The United States is not permitted to utilize its subpoena power in this manner. Therefore, the Court should dismiss the United States' Petition and quash the CIDs.

**B. The United States' Meet and Confer Obligations are Not Satisfied.**

The United States contends it has satisfied its meet and confer obligations because: (1) it is not required to disclose details about its investigation; (2) it was not required to accept the Younes' proposed alternatives; and (3) the communications in June 2026 between the parties were sufficient to show a meet and confer between the parties. (Filing No. 26, Pltf. Opp. To Mot. To Dismiss, pgs. 10-13). However, the United States' arguments fail to incorporate the standards required under the Federal Rules of Civil Procedure and mischaracterize the circumstances.

First, the United States' position that it is not required to disclose details about its investigation into CID recipients before the Younes' testimony completely ignores the United States' obligations to meet and confer in good faith under the Federal Rules of Civil Procedure. Pursuant to 31 U.S.C. § 3733(b)(1)(B), the standards applicable to discovery requests under the Federal Rules of Civil Procedure are applicable to the protection of materials or testimony requested by a CID. Pursuant to Federal Rules of Civil Procedure 26 and 37, parties are required to meet and confer in good faith regarding discovery disputes prior to judicial intervention.

Accordingly, the Younes have requested the United States to take a position on the advice of counsel defense or clarify what information is needed from the Younes to be able to meaningfully meet and confer on the scope of discovery for CID Nos. 25-689, 25-690, and 25-691 given the assertion of the defense. Thus, the United States' contention that the Younes are requesting a "roadmap" of the United States' investigation grossly mischaracterizes the Younes' attempt to meet and confer with the United States. (Filing No. 26, Pltf. Opp. To Mot. To Dismiss, pg. 10). The United States' position on the advice of counsel defense is needed to be able to meaningfully understand what the controlling scope of discovery is for the Younes' testimony.

Secondly, the United States contends that its refusal to offer alternative discovery tools is not a basis to challenge their efforts to meet and confer. However, the Younes' primary concern regarding the United States' refusal to implement the Younes' proposed alternatives is not the United States' denial to use such tools itself. Rather, it is the fact that the United States has failed to meaningfully disclose **why** such tools are insufficient. The United States' briefing still fails to offer a meaningful reason for why other alternative discovery tools or formats cannot be used. (Filing No. 26, Pltf. Opp. To Mot. To Dismiss).

The United States attempts to contend that it did meaningfully participate in the meet and confer process and showed an effort to compromise with the Younes because it offered to travel to the Younes' hometown Kearney, Nebraska to conduct the Younes' depositions. (Filing No. 26, Pltf. Opp. To Mot. To Dismiss, pg. 10). However, such compromise was not offered until almost **a year after** the CIDs were issued. (Filing No. 17, Duffy Aff., Exhibit V., pg. 5). It is difficult to consider this compromise, by itself, as sufficient to reach the conclusion that the United States meaningfully participated in the meet and confer process considering the United States' other conduct throughout this investigation. The United States' repeated failures to directly answer

questions from the Younes' counsel and issuing demands for immediate responses subject to unnecessarily compressed timelines demonstrate that the United States has not genuinely attempted to meet and confer in good faith with the Younes. (*See* Filing No. 17, Duffy Aff., ¶¶ 26-58).

Lastly, the United States maintains its position that it fulfilled its meet and confer obligations based on the communications exchanged in June 2026. However, the United States' refusal to take a position on the advice of counsel defense made it extremely difficult to meet and confer on the scope of discovery. This refusal has hindered the meet and confer process. As of the last communication in June 2026 between the parties, the United States still had not stated its position on the advice of counsel defense. (*See* Filing No. 17, Duffy Aff., Exhibit V). In turn, the parties were unable to meaningfully meet and confer on the scope of the discovery to be applied to the deposition topics, and the United States' meet and confer obligations were not satisfied. Despite the substantial evidence it has received at this stage of the case, the United States still has not identified, even to the Court, a proportional scope of discovery beyond a broad inquiry into the Younes, the PPP loans, and the application process. Hence, the meet and confer obligations from the United States was not complete when it filed its Petition. Because the United States did not fulfill its meet and confer obligations and chose to file its Petition instead, this calls into question the United States' good faith in its investigation of the Younes.

**C. The United States is the Cause of the Unnecessary Delay in this Investigation.**

The United States' attempt to place the blame for this prolonged investigation on the Younes is misplaced and erroneous. (Filing No. 26, Pltf. Opp. To Mot. To Dismiss, pg. 13). The Younes' assertion of their advice of counsel defense was timely considering the circumstances. The Younes were unaware that such defense was available until August 2025 when the Younes'

counsel interviewed Mr. Simpson. (Filing No. 17, Duffy Aff., ¶ 25). It was not until Mr. Simpson's interview that the Younes became aware that they had a good-faith basis and enough facts to notify the United States of such defense. (Filing No. 17, Duffy Aff., ¶ 25). Accordingly, the Younes asserted such defense in a timely manner considering the circumstances.

The Younes' primary contention that the United States has unnecessarily delayed this investigation rests on the United States' silence for six months, from January to June 2026, related to the Younes' depositions. The Younes do not dispute that they did request for their depositions to be delayed based on their assertion of the advice of counsel defense on September 2, 2025. However, the United States agreed to postpone the Younes' depositions on the basis of evaluating the advice of counsel defense. Specifically, the United States agreed to schedule the deposition testimony of Luke Simpson and Paul Forney prior to the depositions of the Younes, implying that the United States was willing and agreeable to postponing the Younes's Deposition in order to evaluate the advice of counsel defense.

The United States has still not offered any reason as to why there was no communication from the United States related to the depositions for six months. (Filing No. 26, Pltf. Opp. To Mot. To Dismiss, pgs. 13-16). Rather, the United States only states that it "continued its investigative efforts." (Filing No. 26, Pltf. Opp. To Mot. To Dismiss, pg. 16). Without any explanation from the United States, it can only be assumed that it was done to prolong this investigation and there was no compelling reason for the delay. Therefore, the United States has unnecessarily caused delay to this investigation and such delay contributes to the conclusion that the United States is not conducting this investigation in good faith.

## CONCLUSION

For the reasons stated herein and in Defendants' Opposition to Plaintiff's Petition For Summary Enforcement of Civil Investigative Demands 25-689, 25-690, and 25-691 (Filing No. 21), the Court should dismiss and deny Plaintiff's Petition for Summary Enforcement of Civil Investigative Demands 25-689, 25-690, and 25-691 and quash CID Nos. 25-689, 25-690, and 25-691.

In the alternative, the Younes respectfully request the Court to limit and modify CID Nos. 25-689, 25-690, and 25-691 in the following manner:

(1) The United States should serve the Younes with written discovery limited to the advice of counsel defense to Younes;

(2) The United States should conduct depositions of the Younes via videoconference limited to questions regarding the advice of counsel defense; or

(3) The United States should conduct in-person depositions of the Younes in Kearney, Nebraska limited to questions regarding the advice of counsel defense.

DATED this 28th day of September, 2026.

PAUL YOUNES, LINDA YOUNES, and
MARGARITA YOUNES-HOLZ,
Defendants.

By: */s/ Michael B. Duffy*

Michael B. Duffy, NE #27529
Heidi V. Mickelson, NE #28223
Isabella M. Washka, NE #28545
FRASER STRYKER PC LLO
1501 Mike Fahey Street, Suite 400
Omaha, NE 68102
(402) 341-6000 (telephone)
(402) 341-8290 (facsimile)
mduffy@fraserstryker.com
hmickelson@fraserstryker.com
iwashka@fraserstryker.com
ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that, pursuant to NECivR 7.1(d)(1), this brief contains 6,045 words including all text, captions, headings, footnotes, and quotations according to the word count function of Microsoft Word 365.

*/s/ Michael B. Duffy*
Michael B. Duffy, NE #27529

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on the 28th day of September, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record:

United States Attorney's Office
District of Nebraska, Civil Division
Shereece Dendy-Sanders
Paige Ammons
1620 Dodge Street, Suite 1400
Omaha, NE 68102
Shereece.Dendy-Sanders@usdoj.gov
Paige.Ammons@usdoj.gov

*/s/ Michael B. Duffy*
Michael B. Duffy, NE #27529

3623825